Argued January 3, affirmed March 15, 1967

BALES FOR FOOD, INC., *Appellant, v.*
POOLE, *Respondent.*

424 P. 2d 892

*Richard H. Muller,* Portland, argued the cause for appellant. With him on the briefs were James M. Burns and Benson, Whitely, McLennan & Burns, Portland.

*James R. Moore,* Portland, argued the cause for

respondent. With him on the brief were Mautz, Souther, Spaulding, Kinsey & Williamson, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN,[*] Justices.

O'CONNELL, J.

This is an action to recover money damages from defendant, a professional engineer, for failure to properly provide for parking facilities in connection with the construction of a building on a shopping center. Plaintiff appeals from a judgment in favor of defendant.

Plaintiff is the assignee of Odus Bales. Bales and defendant signed an American Institute of Architects standard form contract whereby defendant was to perform the usual duties of an architect in preparing plans and specifications for a shopping center and to supervise its construction. The contract provides that "The Architect agrees to perform, for the above-named Project, professional services as hereinafter set forth." Then follows the specific provisions of the contract, none of which are relevant to the solution of the present case.

The complaint alleges that during the course of constructing the shopping center building and after the building was too far along to permit correction of the defect, plaintiff discovered that defendant had carelessly misplaced the building on the site fifty feet nearer the street than planned. As a consequence the prime parking area in front of the shopping center was about 20,000 square feet less (and the less con-

---

[*] Holman, J., did not participate in the decision of this case.

venient parking area in the rear was 20,000 square feet greater) than it should have been.

Plaintiff's complaint alleges that defendant "entered into an agreement" whereby defendant "undertook to perform for said Bales professional services"; that "in addition to the promises" of defendant contained in the written contract, defendant "impliedly warranted that in performing his obligations and duties under said contract, he would use due care and skill of one practicing his profession." The complaint goes on to allege that defendant breached the contract "in that he failed to use due care, knowledge and skill in preparing and drafting the plans and specifications, and in supervising, inspecting and approving the construction."

The complaint reveals that defendant's careless performance occurred more than two (but less than six) years before the action was commenced. Based on this, the trial court granted defendant's motion for judgment on the pleadings. Plaintiff appeals from that judgment.

The trial court was of the opinion that the complaint alleged only a cause of action for negligent conduct and that the two-year statute of limitations (ORS 12.110) applied. Plaintiff contends that the action is for breach of contract and that the six-year statute of limitations (ORS 12.080) applies.

We held in *Dowell v. Mossberg,* 226 Or 173, 181, 355 P2d 624, 359 P2d 541 (1961) that a complaint charging a doctor with a breach of contract in failing to exercise due care in the diagnosis and treatment of the plaintiff was an action in tort and not in contract. The court held that "the contract of employment is a matter of inducement, and the failure to

exercise due care in the practice of the healing arts bring the substance of the action within the law relating to injuries to the person." Similarly, in *Vaughn v. Langmack,* 236 Or 542, 546, 390 P2d 142 (1964), we held that "an action for malpractice is an action for 'injury to the person or rights of another, not arising on contract.' "

Plaintiff argues that these cases are distinguishable on the ground that they involve actions for personal injuries, whereas the action in the case at bar is for injury to real property.

██ We see no reason for making the suggested distinction. In both cases the failure to exercise care and not the breach of the contract is the "substance of the action." ORS 12.080 and 12.110 are framed on the basis of a classification differentiating contract and non-contract actions. If a personal injury resulting from the careless performance of a contract is treated as a non-contract action under the classification employed in these statutes, an injury to real property resulting from the careless performance of a contract should be treated the same. We recognize that cases taking a contrary view can be found.[1] However, we find nothing in these cases or in any of the writings on the subject which convinces us that we should make the distinction urged by plaintiff. As Prosser observes in his essay on The Borderland of Tort and Contract, "there has been a failure to think the thing through and the courts have been little concerned with principles while preoccupied with the problem at hand." Selected Topics on the Law of Torts, pp. 451-52 (1953). From our analysis of the problem we have

---

[1] See cases cited in Prosser, The Borderland of Tort and Contract in Selected Topics on the Law of Torts, p. 440 (1953).

concluded that there is a need for change in the law relating to the limitation of actions, but we think that the change should come through legislation rather than by a judicial effort to make refinements such as plaintiff suggests in this case.[9]

The judgment is affirmed.

---

[9] For an excellent treatment of the subject of limitation statutes, see Developments in the Law: Statutes of Limitation, 63 Harv L Rev 1177 (1950). See also, Wood on Limitations (4th ed 1916); Franks, Limitation of Actions (1959); Note, Cause of Action and The Statutes of Limitation—"The Chains That Bind," 9 W Res L Rev 86 (1957).