Argued July 8, affirmed August 7, 1975

# LINDEMEIER ET AL, *Appellants, v.*
# WALKER, *Respondent.*
### 538 P2d 1266

*Fred A. Granata,* Portland, argued the cause and filed briefs for appellants.

*Robert H. Bay,* of Day & Prohaska, P.C., Portland, argued the cause and filed a brief for respondent.

HOWELL, J.

Plaintiffs filed this action at law against a real estate broker to recover damages for the broker's alleged failure to sell property at its market value. The defendant filed a demurrer to plaintiffs' amended complaint on the grounds that plaintiffs' action was barred by the two-year statute of limitations for torts, ORS 12.110. The trial court sustained the demurrer and judgment was entered in favor of defendant. Plaintiffs appeal, contending that the complaint stated a cause of action in contract and the six-year statute of limitations, ORS 12.080, applied.

The complaint alleged the plaintiffs are executors of the will of Theodore Lindemeier. Lindemeier employed the defendant real estate broker to procure the sale of certain property in Multnomah County and agreed to pay the defendant a brokerage commission in the event of a sale. The defendant procured a purchaser to whom the property was sold for $3,519.70, but the market value of the property was not less than $17,000. Finally, the complaint alleged that the defendant "breached its employment contract with Theodore Lindemeier by intentionally failing to exert any effort to obtain a sale to the best advantage of its principal, * * * at the best price possible, to the damage of Theodore Lindemeier in the sum of $13,480.30."

Plaintiffs filed their complaint on September 10, 1974, more than two years after the alleged agreement between Lindemeier and defendant.

The plaintiffs contend that they were entitled to elect whether to bring the action in contract or in tort, and that they elected to allege a contract action.

In *Dowell v. Mossberg,* 226 Or 173, 355 P2d 624, 359 P2d 541 (1961), a malpractice case against a physician, plaintiff alleged a cause of action in contract in

order to avoid the tort statute of limitations. We held that the implied contract between a patient and a physician is a matter of inducement and not the contractual relationship which gives rise to a cause of action of malpractice. Basically, a malpractice action sounds in tort. "Failure to exercise due care in the treatment of a patient is a breach of a legal duty which arises, not out of contract, but out of the relationship of physician and patient." *Dowell v. Mossberg,* supra at 190.

We followed the same rule in *Bales for Food v. Poole,* 246 Or 253, 424 P2d 892 (1967), a malpractice action against an engineer-architect for failure to properly prepare the plans for a shopping center. The complaint there alleged an agreement between plaintiff and defendant, which agreement defendant breached by failing to exercise due care in drafting the plans and supervising the construction. Plaintiff contended that he alleged a cause of action in contract and that the six-year statute of limitations, ORS 12.080, applied. We held that the gravamen of plaintiff's cause of action sounded in tort and the two-year statute applied. The substance of the opinion in *Bales* is clearly that whether the action is in contract or in tort must be determined on the basis of the predominant characteristic of the action and, further, that the time within which actions must be commenced cannot depend upon the form in which the action is brought.

The plaintiffs contend that *Dowell v. Mossberg,* supra, and *Bales for Food v. Poole,* supra, have been modified by our decision in *Redfield v. Mead, Johnson & Co.,* 266 Or 273, 512 P2d 776 (1973). We disagree. We do not believe that *Redfield* changes the law of *Dowell* and *Bales.* In *Redfield* the court was required to decide whether an action for beach of warranty brought under the Uniform Commercial Code was governed by the four-year statute of limitations specific-

ally prescribed by the Code, ORS 72.7250, or by the two-year tort statute, ORS 12.110.

■ A majority of this court held that ORS 72.7250 of the Uniform Commercial Code applied. The law established by *Redfield* is that an action for breach of warranty in a products liability case brought under the Uniform Commercial Code must be brought within the limitations applicable to the Code. It does not establish a rule, as plaintiffs would suggest, that a plaintiff is given the option of bringing his action in tort or in contract. As we said in *Bales*, it is the gravamen or the predominant characteristic of the action, not plaintiff's election, which governs whether the action is one in contract or in tort.

■ In the instant case a fiduciary relationship existed between Lindemeier, the principal, and the defendant broker. This court has said on many occasions that, because of the fiduciary relationship, the broker owes his principal the duty to act in good faith and to protect his client's interest. *Macdonald v. Dormaier*, 272 Or 122, 535 P2d 527 (1975); *Becker v. Capwell*, 270 Or 200, 527 P2d 120 (1974).

We agree with the defendant that the allegation in the plaintiffs' complaint that the defendant intentionally failed to act to obtain the best sale is no different than an allegation of negligence by failing to obtain the best price for the property which the defendant agreed to sell. We see no reason to depart from our decisions in *Dowell* and *Bales*, and we find that the plaintiffs' cause of action was controlled by the two-year statute of limitations applicable to tort actions, ORS 12.110, and therefore the trial court acted properly in sustaining defendant's demurrer to plaintiffs' complaint.

Affirmed.