# HOUSING AUTHORITY OF PORTLAND, OREGON,
*Appellant,*
*v.*
# ASH NATIONAL, INC.,
*Third-Party Plaintiff-Respondent,*
*v.*
# FITZGIBBON GLASS, INC.,
*Third-Party Defendant-Respondent.*
## (No. A 7704-05701, CA No. 9944)
584 P2d 776

David J. Sweeney, Portland, argued the cause for appellant. With him on the brief were Andrew P. Kerr

and Gilbertson, Brownstein, Sweeney & Kerr, Portland. With him on the reply brief was Gilbertson, Brownstein, Sweeney & Kerr, Portland.

Roger K. Stroup, Portland, argued the cause for the respondents. With him on the brief were Tooze, Kerr, Peterson, Marshall & Shenker, Portland; and Stephen J. Smith, Portland.

Before Schwab, Chief Judge, and Lee, Richardson, and Joseph, Judges.

LEE, J.

**LEE, J.**

This is an action at law for breach of an express warranty. Plaintiff contends that the trial court erred in granting a motion for summary judgment on the ground that plaintiff's claim was barred by the statute of limitations contained in ORS 12.135(1), *infra.*

In 1971 plaintiff purchased certain apartment units from defendant Ash National, Inc. (Ash). After it was discovered that many of the apartment windows leaked, plaintiff agreed on July 22, 1974, to release Ash from liability for previous leaks and contracted with Ash to remedy the condition. The remedial contract between plaintiff and Ash provided in pertinent part:

> "*Warranty:* Seller shall remedy any defects in the installation due to faulty material and workmanship and pay for any damage resulting therefrom which shall appear within a period of one year from this date. The Purchaser shall give notice of observed defects with reasonable promptness. Purchaser may provide inspection of the installation which will not, however, relieve Seller of its warranty."

Third party defendant, Fitzgibbon Glass, Inc., (Fitzgibbon) contracted to repair the defective windows pursuant to the remedial contract. The work was completed on August 16, 1974. In the fall of 1974 and the early winter of 1975, some of the windows developed new leaks. Plaintiff notified Ash of the new leaks in April of 1975 but Ash took no action. On April 20, 1977, more than two years after plaintiff learned that certain windows still leaked, plaintiff filed a complaint based on the warranty provision of the remedial contract. In response Fitzgibbon filed an answer raising the affirmative defense that the action was barred by the two year statute of limitations in ORS 12.135(1). The trial court granted summary judgment for defendants on that basis. We reverse.

The issue is whether the two year statute of

limitations in ORS 12.135(1), or the six year statute of limitations in ORS 12.080(1) governs.

ORS 12.135(1) provides in pertinent part:

"(1) An action to recover damages for *injuries* to a person or to property arising from another person having performed the * * * repair of any improvement to real property * * * shall be commenced within *two years* from the date of such injury to the person or property * * *." (Emphasis supplied.)

We observe at the outset that the language utilized in ORS 12.135(1) contemplates tort actions. Language such as "damages for injuries to a person or to property" and "such injury to the person or property" is tort language—not contract. The words "contract" and "breach" are conspicuously absent.

■ In contrast, ORS 12.080 provides:

"(1) An action upon a *contract* or liability, express or implied, excepting those mentioned in ORS 12.070 and 12.110 and except as otherwise provided in ORS 72.7250;

"* * * * *

"(3) An action for waste or trespass upon or for interference with or *injury* to any interest of another in real property, excepting those mentioned in ORS 12.050, 12.060, *12.135* and 273.241, * * *;

shall be commenced within *six years.*" (Emphasis supplied.)

Subsection (1) clearly provides that the six year limitation period is applicable to contracts and it makes no exception for actions arising under ORS 12.135. On the other hand, subsection (3) provides that the six year limitation period is applicable to certain tort actions but makes an exception for actions arising under ORS 12.135. If the legislature had intended to modify the statute of limitations with regard to contracts with contractors, architects and engineers, it would have carved out an exception in ORS 12.080 *(1)* for actions arising under ORS 12.135 just as it did in ORS 12.080 *(3)*. We conclude that the legislature intended the six year statute of limitations to apply to all contracts not specifically excepted.

[ 394 ]

Finally, defendant contends that *Sponseller v. Meltebeke,* 280 Or 361, 570 P2d 974 (1977), forecloses any question of the applicability of ORS 12.135(1) to warranty actions. In that case plaintiff sued a homebuilder for breach of *implied* warranty on the theory that ORS 72.7250, the Uniform Commercial Code statutory provisions for breach of warranty for the sale of personal property, applied. After rejecting plaintiff's theory, the Court stated that since plaintiff's action was commenced more than ten years from the substantial completion of the house, plaintiff's action for breach of warranty was barred by ORS 12.135.[1]

*Sponseller* is not controlling because the applicability of ORS 12.080(1) was not at issue and because an implied warranty is different from contract—*i.e.,* it is a "curious hybrid" between tort and contract law. Prosser, Law of Torts 634 (4th ed 1971). Thus, the fact that an action for breach of an implied warranty is barred by the ten year limitation provision of ORS 12.135(1) does not compel the conclusion that an action for breach of an express warranty is subject to the two year statutory limitation provision of ORS 12.135(1). Indeed, the tort language of ORS 12.135(1) and the explicit provision for contracts in ORS 12.080(1) lead us to conclude that ORS 12.135(1) was not intended to apply to contract actions. Accordingly, the six year statute of limitations contained in ORS 12.080(1) governs this action.

Reversed and remanded.

---

[1] ORS 12.135(1) also provides that actions arising under it "* * * shall be commenced within 10 years from substantial completion of such construction, alteration or repair of the improvement to real property."