Argued January 25, affirmed May 14, reconsideration
denied June 19, petition for review allowed July 24,
1979, 287 Or 149

SECURITIES-INTERMOUNTAIN, INC.,
*Appellant,*

*v.*

SUNSET FUEL CO., et al, *Respondents.*
(No. A7605 06171, CA 11004)

594 P2d 1307

Rudy R. Lachenmeier, Portland, argued the cause for appellant. With him on the briefs was Vergeer, Roehr & Sweek, Portland.

Donald J. Friedman, Portland, argued the cause for respondent Sunset Fuel Co. With him on the brief was Black, Kendall, Tremaine, Boothe & Higgins, Portland.

Elizabeth K. Reeve, Portland, argued the cause for respondent Cy Stadsvold. With her on the brief were Kenneth E. Roberts, Ridgway K. Foley, Jr., and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before Schwab, Chief Judge, and Buttler and Joseph, Judges.

JOSEPH, J.

**JOSEPH, J.**

Securities-Intermountain, Inc., brought this action to recover damages from a subcontractor and an architect who had contracted in writing with plaintiff's assignors to provide specific services in the construction of an apartment complex. The assignors were general contractors, and plaintiff was the mortgagee. The trial court allowed defendants' motions for summary judgment on the ground that the action was barred by the statute of limitations. Plaintiff appeals.

ORS 12.135(1) provides:

> "An action to recover damages for injuries to a person or to property arising from another person having performed the construction, alteration or repair of any improvement to real property or the supervision or inspection thereof, or from such other person having furnished the design, planning, surveying, architectural or engineering services for such improvement, shall be commenced within two years from the date of such injury to the person or property; provided that such action shall be commenced within 10 years from substantial completion of such construction, alteration or repair of the improvement to real property."

This action was brought more than two, but less than six years after defendants last rendered services. The parties stipulated that plaintiff began to suffer damages more than two years prior to the commencement of this action. Plaintiff argues that its action was for breach of contract (for which the statute of limitations is ORS 12.080(1)), and that ORS 12.135(1) applies only to tort actions.[1] Defendants argue that ORS 12.135(1) was intended to apply to contract actions as well as torts. They also argue that, although the action was pleaded in form as arising from the contract, the "gravamen" was tort, and therefore a two-year limitation period should apply, whether or not ORS 12.135(1) applies to contract actions.

---

[1] No party raised the question whether the causes of action were ones that might be subject to ORS 12.080(3).

■ The material substance of the pleadings are set out in the margin.[2] The fact that the causes of action were

[2] As a first cause of action against Sunset Fuel, it alleged:
"On or about the 30th day of July, 1971, [plaintiff's assignors] entered into a contract with the Sunset Fuel Company doing business as Sunset Engineering ***.
"*****

"Sunset Fuel Company breached the aforesaid contract in each and all of the following material particulars:
"(1) In failing to provide the required mechanical details and drawings of the heating system, and
"(2) In designing the heating system in such an unworkmanlike manner that if completed per design it could not and would not produce sufficient heat throughout the apartment complex to meet the minimum Federal Housing Authority requirements nor any reasonable requirements."
For a second cause of action against Sunset Fuel plaintiff alleged:

"Defendant Sunset Fuel Company breached the aforesaid contract in the following material particular: In failing to complete the heating system, in that it was never made operational."
For a first cause of action against the architect, Stadsvold, the complaint alleged:
"On or about the 1st day of July, 1971, [plaintiff's assignors] entered into a contract with Cy Stadsvold ***.
"*****

"Defendant Cy Stadsvold breached the aforesaid contract in the following material particulars:
"(1) In failing to adequately supervise the work of Sunset Fuel Company, to-wit: failing to secure and review drawings of the heating system from Sunset Fuel Company for work which was in fact either not completed or completed in an unworkmanlike manner.
"(2) In failing to make adequate inspections of the heating and cooling system when such inspections would reasonably have resulted in discovery of defective workmanship on the part of Sunset Fuel Company.
"(3) In that the heating system as designed by Sunset Fuel Company was inadequate in that it would not produce sufficient heat throughout the apartment complex to meet the minimum Federal Housing Authority requirements nor any reasonable requirements."
For a second cause of action against Stadsvold, the complaint alleged:
"Defendant Cy Stadsvold breached the aforesaid contract in the following material particulars:
"(1) In failing to adequately supervise the work of Sunset Fuel Company, to-wit: failing to secure and review drawings of the heating system from Sunset Fuel Company for work which was in fact either not completed or completed in an unworkmanlike manner.
"(2) In failing to make adequate inspections of the heating and cooling system when such inspections would reasonably have resulted

pled in form as contract actions does not determine their nature for statute of limitations purposes. *Lindemeier v. Walker,* 272 Or 682, 538 P2d 1266 (1975); *Bales for Food v. Poole,* 246 Or 253, 424 P2d 892 (1967); *Dowell v. Mossberg,* 226 Or 173, 355 P2d 624 (1961); *see also Ashley v. Fletcher,* 275 Or 405, 550 P2d 1385 (1976). As the court noted in *Lindemeier:*

> "[I]t is the gravamen or the predominant characteristic of the action, not plaintiff's election, which governs whether the action is one in contract or in tort." 272 Or at 685.

In that case the court summarized its holdings in *Dowell* and *Bales for Food* as follows:

> "In *Dowell v. Mossberg,* 226 Or 173, 355 P2d 624, 359 P2d 541 (1961), a malpractice case against a physician, plaintiff alleged a cause of action in contract in order to avoid the tort statute of limitations. We held that the implied contract between a patient and a physician is a matter of inducement and not the contractual relationship which gives rise to a cause of action of malpractice. Basically, a malpractice action sounds in tort. Failure to exercise due care in the treatment of a patient is a breach of a legal duty which arises, not out of contract, but out of the relationship of physician and patient. *Dowell v. Mossberg, supra,* at 190.

in discovery of defective workmanship on the part of Sunset Fuel Company.

"(3) In turning over responsibility for designing the heating system to Sunset Fuel without first obtaining the acceptance of the mortgagee of said course of action.

"(4) In stopping all inspections of the heating system without first obtaining the acceptance of the mortgagee of said course of action.

"(5) In that the heating system as designed by Sunset Fuel Company was inadequate in that it would not produce sufficient heat throughout the apartment complex to meet the minimum Federal Housing Authority requirements nor any reasonable requirements."

ORS 12.110(1):

"(1) An action for assault, battery, false imprisonment, for criminal conversation, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit."

"We followed the same rule in *Bales for Food v. Poole,* 246 Or 253, 424 P2d 892 (1967), a malpractice action against an engineer-architect for failure to properly prepare the plans for a shopping center. The complaint there alleged an agreement between plaintiff and defendant, which agreement defendant breached by failing to exercise due care in drafting the plans and supervising the construction. Plaintiff contended that he alleged a cause of action in contract and that the six-year statute of limitations, ORS 12.080, applied. We held that the gravamen of plaintiff's cause of action sounded in tort and the two-year statute applied. The substance of the opinion in *Bales* is clearly that whether the action is in contract or in tort must be determined on the basis of the predominant characteristic of the action and, further, that the time within which actions must be commenced cannot depend upon the form in which the action is brought." 272 Or at 683-84.

The first particular of the first cause of action against Sunset Fuel is that it failed to provide the required mechanical details and drawings of the heating system. That appears, on its face, to be the type of allegation which must be contractual. The predominant characteristic is a total failure to perform a specific duty which was established solely by contract and which does not fall within any standard of care imposed by law to govern any contractual undertakings. The prayer for damages,[3] however, contains nothing specifically relating directly to the failure to furnish the drawings. While that was not fatal to the cause of action, it does reveal that the gravamen of the cause of action is actually the unworkmanlike manner in which the system was designed.

---

[3] "Defendant Sunset Fuel Company's aforesaid breach of contract proximately caused the following damages:

"(1) Engineering and consulting costs for analyzing and redesigning the heating system of $1,875.00.

"(2) $36,700.00 required to bring the system up to FHA or any reasonable standards.

"(3) Interest loss caused by the delay in construction in the amount of $58,523.64."

Given the alleged inadequacy of the design, the only conceivable harms that could have resulted to plaintiff from the failure of Sunset Fuel to deliver the drawings were that plaintiff was not able to detect the design inadequacies earlier and that the lack of drawings describing what Sunset Fuel had done may have made it more difficult for the necessary corrections to be made. Both of those possible types of damage, however, are incidental to the design inadequacies. We conclude that the gravamen of the first cause of action is contained in the second particular, *i.e.,* that the system was designed in an unworkmanlike manner, and if completed as designed it would not meet FHA or any reasonable standards. That is tort. Summary judgment was properly granted for defendant Sunset Fuel on that cause of action.

■ As a second cause of action against Sunset Fuel, plaintiff alleged that Sunset Fuel "fail[ed] to complete the heating system, in that it was never made operational."[4]

■ Although the complaint on its face contained a claim of damages consistent with a cause of action for breach of contract and the rules long applicable under *Hadley v. Baxendale*, 156 Eng Rep 145 (1845), and the myriad cases since, we are persuaded that the nature of the non-performance alleged is so closely akin to the other causes pleaded and to the claims reviewed and held tortious in *Bales For Food, supra*, and the other cases cited *supra*, page 2, that we are constrained to say that the gravamen of the second cause of action against Sunset Fuel is tort. Summary judgment was properly allowed.

With respect to the first cause of action against Stadsvold, we conclude that the gravamen of each of

---

[4] The prayer for damages was:

"Defendant Sunset Fuel Company's aforesaid breach of contract proximately caused the following damages:

"(1) $11,426.92 to complete the system as originally designed.

"(2) Interest loss caused by the delay in construction of $58,523.64."

[297]

the alleged particulars was tort. Although the first half of the first particular and the second particular were cast in terms of a failure to do something, that form of allegation is almost always possible and cannot be determinative. *See Lindemeier v. Walker, supra.* The substance of each of those allegations was that Stadsvold did not exercise due care in performing his supervision, inspection and authorization-of-disbursements duties. The contractual undertaking to render those services merely provided the occasion (or inducement) for the alleged misfeasance. *See Lindemeier v. Walker, supra.*

■ We recognize that plaintiff alleged in the first particular against Stadsvold a failure to secure and review drawings of the heating system. Although such an allegation could be considered contractual, the particular duty in this instance was within the standard of care governing the more basic undertaking to provide necessary supervision. That the parties specifically provided in promissory language for an act the performance of which would be under the standard of care derived from the whole contractual undertaking should not make contract the gravamen of a complaint based on the failure to perform that duty.

The third particular under the first cause of action against Stadsvold, *i.e.,* that "the heating system as designed by Sunset Fuel Company was inadequate," is merely another way of stating the result of the first two particulars. The trial court properly granted summary judgment for Stadsvold on the first cause of action against him.

■ Three of the five particulars under the second cause of action against Stadsvold are the same as those under the first cause of action. The gravamen of those is tort. In addition, plaintiff alleged that Stadsvold breached the contract

> "[i]n turning over the responsibility for designing the heating system to Sunset Fuel without first obtaining the acceptance of the mortgagee of said course of action."

[298]

We conclude that the gravamen of that particular is also tort. The essence of the claim is that Stadsvold's delegee, Sunset Fuel, designed the heating system in an unworkmanlike manner.[5]

■ Plaintiff alleged finally that Stadsvold breached the contract

> "[i]n stopping all inspections of the heating system without first obtaining the acceptance of the mortgagee of said course of action."

That allegation, stripped of the irrelevant language concerning acceptance by the plaintiff as mortgagee, is similar in some respects to the allegation that Sunset Fuel failed to complete the heating system. Prosser is the source for guidance in characterizing this partial performance allegation:

> "The question appears to be rather whether the defendant has gone so far in his performance, and has entered into such a relation with the plaintiff that his conduct actually has begun to affect the interests of the plaintiff beyond the expected benefits of the contract itself. As Cardozo once put it,[6] in another connection:
>
> " 'If conduct has gone forward to such a stage that inaction would commonly result, not negatively merely in withholding a benefit, but positively or actively in working an injury, there exists a relation out of which arises a duty to go forward ***. So the surgeon who operates without pay is liable, though his negligence is the omission to sterilize his instruments ***; the engineer, though his fault is in the failure to shut off steam ***; the maker of automobiles, at the suit of some one other than the buyer, though his negligence is merely in inadequate inspection ***. The query always is whether the putative wrongdoer has advanced to such a point as to have launched a force or instrument of harm, or has

---

[5] The damage prayer was:

"$5,000.00 in plaintiff's staff time involved in obtaining a large loan to cover the $55,313.00 increased cost of the project due to the heating system problems ***."

[6] *H.R. Moch Co. v. Rensserlaer Water Co.*, 247 NY 160, 167-68, 159 NE 896 (1928).

[299]

stopped where inaction is at most a refusal to become an instrument for good.' " Prosser, "The Borderland of Contract and Tort," *Selected Topics on the Law of Torts* at 412-13 (1953).

Because of the relationships among Stadsvold, Sunset Fuel and plaintiff's assignors and the nature of the services Stadsvold agreed to render, the stoppage of inspections resulted not just in the withholding of a benefit, but also in positively working an injury, *i.e.,* allowing the installation or partial installation of a heating system which did not meet applicable standards and allowing payments for work not completed or completed in an unworkmanlike manner. Therefore, the gravamen of the fourth particular of the second cause of action against Stadsvold is tort, too.

Summary judgment was properly granted for Stadsvold on both causes of action against him and for Sunset Fuel on both causes of action against it.

Affirmed.

**BUTTLER, J.,** concurring in part and dissenting in part.

Perhaps I am missing something, but if so, the majority opinion does not tell me what it is. I start with the very first phrase of ORS 12.135(1): "An action to recover damages for injuries to person or to property arising from another person having performed the construction * * *." We need go no farther— none of the causes of action seeks to recover damages for injuries to a person or to property, however caused. That statute, therefore, is not applicable.

In *Portland Hous. Auth. v. Ash Nat'l,* 36 Or App 391, 584 P2d 776 (1978), decided less than a year ago, we said substantially that in holding ORS 12.135(1) inapplicable to an action on an express warranty contained in a construction contract. I would adhere to that decision. Since the majority opinion does not cite that case, I am not sure whether we are to ignore it or consider it overruled *sub silentio.*

[300]

Notwithstanding the inapplicability of ORS 12.135(1), it does not follow that the majority is entirely wrong. It is not; it is only one quarter wrong. We must, as the majority reasons, determine whether the gravamen of the various causes of action is in contract or in tort. *Bales for Food v. Poole*, 246 Or 253, 424 P2d 892 (1967). I agree with the majority that the first cause of action against Sunset Fuel, and both causes of action against Stadsvold, sound in tort and are barred by the two year statute of limitations contained in ORS 12.110, but not under ORS 12.135(1). As to those three claims, summary judgment for defendant was proper. However, to hold them barred by the provisions of ORS 12.135(1) is to muddy already murky waters, and is wrong.

The second cause of action alleged against Sunset Fuel appears to be purely for breach of contract— failure to install an operating heating system as agreed. The prayer is for incidental damages caused by the breach. Since the claim is based upon a contract and does not claim damages for injuries to person or property, ORS 12.135(1) does not apply, and ORS 12.110 is not applicable because the gravamen of the cause is not in tort. Accordingly, the six year limitation applicable to actions on contracts (ORS 12.080(1)) is applicable, and summary judgment ought not to have been entered for defendant on this cause of action.

I would reverse as to this part of the judgment entered in the trial court.