Argued and submitted May 25, reversed and remanded November 5,
reconsideration denied December 13, 1979
petition for review denied May 28, 1980 (289 Or 209)

## AMFAC FOODS, INC.,
### *Appellant,*
#### *v.*
## FRED A. SNYDER ROOFING AND
## SHEET METAL CORPORATION,
### *Respondent.*

(Trial Court No. A7610-14428, CA 12283)

602 P2d 321

[107]

G. Kenneth Shiroishi, Portland, argued the cause for appellant. With him on the briefs was Morrison, Dunn, Cohen, Miller & Carney, Portland.

John E. Johansen, argued the cause for respondent. With him on the brief were Paul S. Hybertsen and McCormick & Reynolds, Portland.

Before Schwab, Chief Judge, and Lee, Gillette, and Campbell, Judges.

GILLETTE, J.

Schwab, Chief Judge, dissenting opinion.

## GILLETTE, J.

In this contract action arising out of a dispute over the condition of a roof on a newly constructed building, the trial court granted defendant summary judgment based upon the statute of limitations contained in ORS 12.135(1). We reverse.

Plaintiff Amfac Foods, Inc., dba Lamb-Weston (hereinafter "Lamb-Weston") brought this breach of warranty action against defendant Snyder Roofing Company (hereinafter "Snyder") for the cost of repairing a roof. The roof had been built by Snyder as a subcontractor in the construction of a food processing plant. After completion, Snyder executed, on July 30, 1973, a two-year guarantee of workmanship and materials. Specifically, the guarantee provided:

"WHEREAS, at the inception of such work the Contractor [Snyder Roofing] agreed to guarantee the aforesaid roof against faulty materials or workmanship for a limited period and subject to the conditions herein set forth;

"NOW, THEREFORE, the Contractor hereby Guarantees, subject to the conditions herein set forth, that during a period of two (2) years from the date of completion of said roof, it will, at its own cost and expense, make or cause to be made such repairs to said roof resulting solely from faults or defects in material or workmanship applied by or through the Contractor as may be necessary to maintain said roof in watertight condition."

In its complaint, Lamb-Weston alleged that the defects of which it now complains were discovered and notice of them was given to Snyder within the two years provided in the guarantee. The trial court granted summary judgment to defendant on the theory that plaintiff's action here was one in tort and was therefore not timely filed under ORS 12.135(1).[1] Plaintiff

---

[1] ORS 12.135(1) provides:

"(1) An action to recover damages for injuries to a person or to property arising from another person having performed the construc-

acknowledges that this proceeding was not brought within the two-year period provided in ORS 12.135(1) but contends that the correct statute to be applied is ORS 12.080(1),[2] the statute of limitations for contract actions. ORS 12.080(1) is a six-year statute of limitations; plaintiff's action is timely if it applies.

Plaintiff is correct. Where, as here, the gravamen of the complaint is not the failure of defendant to properly install a roof in the first instance but, rather, the failure of defendant to abide by its express contractual duty to alleviate such unsatisfactory conditions as might appear during the two-year guarantee period, the complaint sounds in contract and ORS 12.080(1) governs. *See Housing Authority of Portland v. Ash National, Inc.*, 36 Or App 391, 584 P2d 776 (1978).[3]

Defendant argues that, even if ORS 12.080(1) is the appropriate statute of limitations, the trial court was nonetheless correct in granting summary judgment to defendant because defendant is entitled to prevail under one or more of defendant's alternative theories, *viz.*, (1) that defendant has performed all of its obligations under the guarantee; (2) that the claim advanced by plaintiff has been satisfied; and (3) that, under its own terms, the guarantee has become null and void.

---

tion, alteration or repair of any improvement to real property or the supervision or inspection thereof, or from such other person having furnished the design, planning, surveying, architectural or engineering services for such improvement, shall be commenced within two years from the date of such injury to the person or property; provided that such action shall be commenced within 10 years from substantial completion of such construction, alteration or repair of the improvement to real property."

[2] ORS 12.080(1) provides:

"(1) An action upon a contract or liability, express or implied, excepting those mentioned in ORS 12.070 and 12.110 and except as otherwise provided in ORS 71.7150* * * *"

[3] The dissent's argument to the contrary has some merit, but we think *Ash National* was correctly decided. We note that a legislative session has passed since that decision and, although ORS 12.135 (1) is a statute of special interest to the building industry, it has not been amended.

## 1. *PERFORMANCE*

Defendant first argues that its only obligation under the guarantee was to maintain the roof in watertight condition, and it has done so. To the contrary, as we read the record, defendant has stopped leaks as they appear but the roof has continued to develop new ones. There remains a factual issue as to whether the roof has been maintained in a watertight condition. Defendant was not entitled to summary judgment on this theory.

## 2. *ACCORD AND SATISFACTION*

Defendant next argues that any claim between Lamb-Weston and defendant has been compromised and settled, with defendant having fully performed under the terms of the settlement.

The guarantee in question covered the period from July 30, 1973, to July 30, 1975. On June 9, 1975, representatives from Hoffman Construction Company (the general contractor), Lamb-Weston, Snyder Roofing and Johns-Manville (the roofing manufacturer) met and reviewed the problem. There was a further meeting on June 26, 1975.

Thereafter, Hoffman Construction Company prepared a "memorandum of agreement" expressing its understanding of the verbal agreements of the respective parties. A copy of the Hoffman memorandum was made a part of the motion for summary judgment.

The question is whether the documents submitted by the parties in connection with the motion for summary judgment establish the existence of an accord and satisfaction. They do not.

> " '* * * An accord is a contract * * * between creditor and debtor for the settlement of the claim by some performance other than that which is due * * *. Satisfaction takes place when [the] accord is performed * * *.' Restatement, Contracts § 417, Comment a. at 787-788." *Capps v. Georgia-Pacific*, 253 Or 248, 453 P2d 935 (1969).

The documents establish that, among other things, a dispute exists between the parties as to whether such repair work as defendant did on the roof was satisfactory. What was done and how well it was done remains an unresolved issue of fact. It would have been error to grant summary judgment on this theory.

### 3. *GUARANTEE NULLIFIED*

Finally, defendant argues that its guarantee has been rendered null and void by the occurrence of a condition subsequent. The warranty was given subject to the condition, *inter alia*, that:

" * * * * *

" * * * No work shall be done on said roof, including, but without limitation, openings made for flues, vents, drains, sign braces or other equipment fastened to or set on the roof, *unless the Contractor shall be first notified; shall be given the opportunity to make the necessary roofing application recommendations with respect thereto, and such recommendations are complied with. Failure to observe this condition shall render this guarantee null and void * * *.*" (Emphasis supplied.)

The affidavits filed in this case make it clear that Lamb-Weston did install some equipment on some portions of the roof without prior approval by defendant. However, in a portion of an affidavit filed by Lamb-Weston, one of Lamb-Weston's engineers stated that:

"Regarding the subsequent conditions referred to in this motion [for summary judgment], Lamb-Weston replaced fans and installed small equipment over the manufacturing area on the [roof of the] plant. Snyder was informed of this. Where openings were required, Snyder Roofing Co. did the work and was paid extra. Furthermore, the leaking problem was not in the manufacturing area. Snyder Roofing Co. is well aware of this."

We think there remain questions not resolved on this record as to whether there was, in fact, a violation of the condition subsequent; the extent of any such

[112]

iolations; and the materiality of any such violation. Summary judgment is not available to defendants on his final ground.

For the foregoing reasons, the summary judgment granted by the trial court is reversed and the cause is remanded for trial.

Reversed and remanded.

**SCHWAB, C. J.,** dissenting.

In my judgment ORS 12.135(1) bars plaintiffs' cause of action regardless of whether it sounds in tort or in contract. ORS 12.135(1) provides:

"An action to recover damages for injuries to a person or to property arising from another person having performed the construction, alteration or repair of any improvement to real property or the supervision or inspection thereof, or from such other person having furnished the design, planning, surveying, architectural or engineering services for such improvement, shall be commenced within two years from the date of such injury to the person or property; provided that such action shall be commenced within 10 years from substantial completion of such construction, alteration or repair of the improvement to real property."

The majority, in holding that ORS 12.135(1) applies only to tort actions, relies on our opinion in *Portland Hous. Auth. v. Ash. Nat'l,* 36 Or App 391, 584 P2d 776 (1978). There we construed ORS 12.135(1) as applying only to tort actions arising out of performance of services in connection with improvements to real property, and we concluded that contract actions arising out of such services are governed by the general statute of limitations applicable to contract actions. (ORS 12.080(1)).

I joined in *Portland Hous. Auth.,* but now conclude that it was incorrect and should be overruled.

ORS 12.135(1) was enacted in 1971. Oregon Laws 1971, ch 664, §§ 2, 3, and 4. I do not find the legislative history enlightening. However, I do find persuasive the proposition that, if the statute does not apply to contract actions, it is meaningless, and that "[a] legislative act is not to be deemed meaningless." *Standard Ins. Co. v. Tax Com.,* 230 Or 461, 468, 370 P2d 608 (1962).

ORS 12.135(1) establishes a two-year limitation prior to the commencement of the actions to which it refers. Prior to the enactment of ORS 12.135, tort actions arising out of real property improvement services were already subject to a two-year limitation period under the general statute of limitations applicable to torts (ORS 12.110(1)).[1] ORS 12.135(1) also provides that no action of the kind to which it refers shall be commenced after ten years from the date of substantial completion of the services giving rise to the action. If ORS 12.135(1) were intended to apply only to tort actions, then the ten-year "ultimate repose" provision it contains would be duplicative of ORS 12.115(1), which provides that no action for negligent injury to persons or property may be commenced "more than ten years from the act or omission complained of." Accordingly, the only change to existing law which ORS 12.135(1) *could* have achieved was the reduction of the limitation period for contract actions arising out of real property improvement services from the six years prescribed by ORS 12.080(1) to the two-year period ORS 12.135(1) itself establishes.

Because ORS 12.135(1) would be meaningless if it did not apply to contract actions arising out of real

---

[1] ORS 12.080(3) now provides a six-year limitation period for

"[a]n action for waste or trespass upon *or for interference with or injury to any interest of another in* real property, *excepting those mentioned in * * * ORS 12.135 * * *.*" (Emphasis supplied.)

The emphasized language was added by Oregon Laws 1973, ch 363, § 11. Thus, at the time of the enactment of ORS 12.135 in 1971, all actions for tortious injuries to property, other than for waste or trespass, were already subject to the two-year limitation period of ORS 12.110(1).

property improvement services, I construe the section as having that application if the statutory language will support such a construction. We stated in *Portland Hous. Auth.*:

"We observe at the outset that the language utilized in ORS 12.135(1) contemplates tort actions. Language such as 'damages for injuries to a person or to property' and 'such injury to the person or property' is tort language—not contract. The words 'contract' and 'breach' are conspicuously absent." 36 Or App at 394.

We there read too much into the statutory language. Persons and property can of course be injured by inadequate performance of contracts as well as by torts—and it is also noteworthy that ORS 12.135, unlike ORS 12.110(1) and ORS 12.115(1), contains no language which specifically *exludes* contract actions.

I conclude that the two-year limitation period of ORS 12.135(1) is applicable to the action here regardless of whether it is denominated contract or tort, and that the motion for summary judgment was correctly allowed.

For the foregoing reasons I respectfully dissent.