**STROUT REALTY, INC., Plaintiff,**

v.

**COUNTRY 22 REAL ESTATE CORPORATION et al., Defendants.**

**No. 79–3316–CV–S.**

United States District Court,
W. D. Missouri, S. D.

July 17, 1980.

Bob J. Keeter of Jones, Keeter, Karchmer, Nelms & Sullivan, Springfield, Mo., for plaintiff.

Harold J. Fisher and David W. Ansley of Woolsey, Fisher, Whiteaker, McDonald & Ansley, Springfield, Mo., for defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

COLLINSON, District Judge.

This is an action for damages and equitable relief for defendants' allegedly wrongful use of an operations and procedures manual created by plaintiff. On March 12, 1980, defendants filed the pending motion to dismiss plaintiff's second amended complaint pursuant to Rule 12(b)(1) and (b)(6), Fed.R.Civ.P. For the reasons set forth below, defendants' motion to dismiss will be granted.

Plaintiff alleges that it created an operations and procedures manual, with forms, for use in its real estate business. The manual was neither available to the general public nor for sale; plaintiff distributed the manual to certain of its employees and representatives solely for use in its business. In August 1979, plaintiff allegedly learned that defendants were copying and distributing the manual for use in defendants' own real estate business.

Plaintiff's complaint is in five counts. Count I alleges infringement of the copyright in the manual. Counts II through V set forth claims for defendants' alleged breach of contract, misappropriation, and conversion. Defendants move to dismiss the complaint on the grounds that Count I fails to state a claim under the federal copyright act, 17 U.S.C. § 101 *et seq.* (1978) (hereinafter the "1976 Act"), and that the remainder of the complaint sets forth claims governed by state law, over which this Court has no jurisdiction in the absence of diversity of citizenship.

The motion to dismiss presents two questions for the Court's consideration. The first is whether Count I of the complaint states a claim under the 1976 Act. The second is whether, assuming that Count I does not state a claim under federal law, the Court has jurisdiction over this action under 28 U.S.C. § 1332 (1976).

█ Defendants do not dispute that plaintiff's operations and procedures manual is a proper subject for copyright protection under the 1976 Act. Defendants assert, however, that plaintiff's failure to register the manual pursuant to § 410 of the 1976 Act bars its claim for infringement. Section 411(a) provides, in part, that "no action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made in accordance with this title." Under the 1976 Act, application for registration is a condition precedent to a suit for infringement. If plaintiff fails to plead and prove the fact of registration, then it is not entitled to enforce its rights under the 1976 Act. *See Eltra v. Ringer,* 579 F.2d 294 (4th Cir. 1978); *Bromhall v. Rorvik,* 478 F.Supp. 361 (E.D.Pa.1979).

Plaintiff seeks to avoid the effect of § 411 by arguing that registration is a condition precedent only to enforcement of statutory copyright, and that it has no application to unpublished works, which it contends are protected by common-law copyright. Plaintiff asserts that it is therefore entitled to bring this action for infringement of copyright, notwithstanding its failure to comply with § 411.

Prior to the passage of the 1976 Act, there existed a dual system of federal and state copyright law. "Unpublished" works—those in limited distribution and unavailable to the general public—were protected by state common-law copyright. The common-law protection was for an indefinite period, ending only upon publication of the work. Upon publication, a work lost its common-law copyright protection and entered the public domain unless the copyright owner complied with the requirements for federal statutory copyright under the federal copyright act. *See Vacheron & Constantin-Le Coultre W. v. Benrus W. Co.,* 260 F.2d 637 (2d Cir. 1958). Federal copyright protection was afforded to a work for a period of twenty-eight years, renewable once.

█ The 1976 Copyright Act abolished the distinction between statutory and common-law copyright and made the concept of "publication" irrelevant. Section 301(a) of the 1976 Act provides:

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, *whether created before or after that date and whether published or unpublished,* are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

(Emphasis supplied.) The plain meaning of § 301 is that the 1976 Act abolished common-law copyright by preemption. *See Russell v. Price,* 612 F.2d 1123 (9th Cir. 1979); *Burke v. National Broadcasting Co.,* 598 F.2d 688 (1st Cir.), *cert. den.* 444 U.S. 869, 100 S.Ct. 144, 62 L.Ed.2d 93 (1979); *Birnbaum v. United States,* 588 F.2d 319 (2d Cir. 1978).

█ But the 1976 Act does not abolish rights under state law with respect to "any

cause of action arising from *undertakings commenced* before January 1, 1978." 17 U.S.C. § 301(b)(2). (Emphasis supplied.) The use of the phrase "undertakings commenced" in this subsection is somewhat puzzling, and the legislative history of § 301(b)(2) sheds but little light on its intended meaning. The House Report states only that among the areas left unaffected by the preemption of common-law copyright by the 1976 Act are "causes of action arising under State law before the effective date of the statute . . ." H.R.Rep.No. 94–1476, 94th Cong., 2d Sess. 132 (1976). It makes no reference to the phrase "undertakings commenced" in § 301(b)(2).

One court has indicated that § 301(b)(2) preserves causes of action under state law arising with respect to *works created* before January 1, 1978. *Orth-O-Vision, Inc. v. Home Box Office*, 474 F.Supp. 672 (S.D.N.Y.1979). This Court is of the opinion that this interpretation conflicts with § 301(a), which abolishes common-law copyright in all works eligible for copyright protection, regardless of whether the work was created before or after January 1, 1978.

An alternative reading of § 301(b)(2) is that it preserves rights under state law for *causes of action* arising before January 1, 1978. The First and Second Circuit Courts of Appeal have suggested that this interpretation is the proper one. *Burke v. National Broadcasting Co., supra*, at 691 n. 2; *Birnbaum v. United States, supra*, at 326 n. 15. The legislative history, while scant, indicates that the Congress assumed that such would be the effect of the statute. Furthermore, this reading, unlike that proposed in *Orth-O-Vision, Inc. v. Home Box Office, supra*, is consistent with § 301(a).

■ The Court therefore holds that plaintiff's remedies under state law for causes of action arising before January 1, 1978, are not preempted by the 1976 Act.

Plaintiff alleges that defendants infringed its copyright both before and after January 1, 1978. With respect to any cause of action arising after January 1, 1978, plaintiff is precluded from seeking relief in this Court by its failure to allege that it has

registered the manual with the Register of Copyrights. 17 U.S.C. § 411(a). Plaintiff therefore fails to state a claim for alleged infringement after January 1, 1978, and defendants' motion to dismiss Count I of plaintiff's complaint must be granted with respect to claims arising after January 1, 1978.

The remainder of Count I sets forth claims accruing before January 1, 1978. As discussed above, these claims are not governed by the 1976 Act, but arise under state common law. Accordingly, this Court has jurisdiction over these claims, and over Counts II through V, only if the requirements for diversity jurisdiction are satisfied.

■ Plaintiff alleges in its second amended complaint that it is a "New York corporation fully qualified to do business in the State of Missouri" and that defendants are "Missouri corporations" with offices in the state. Plaintiff nowhere sets forth allegations as to the parties' states of incorporation and principal places of business. Since under 28 U.S.C. § 1332 a party's principal place of business is also its residence for diversity purposes, there is no allegation in plaintiff's second amended complaint which would enable the Court, even by inference, to premise jurisdiction upon diversity of citizenship. Neither does plaintiff allege diversity of citizenship as a basis for federal jurisdiction.

A similar problem was presented by plaintiff's first amended complaint, which the Court dismissed on March 5, 1980, for failure to allege any basis of federal jurisdiction. Plaintiff's second amended complaint, filed March 11, 1980, premises federal jurisdiction only upon its allegation that it states a claim under the 1976 Act. Plaintiff fails to allege facts sufficient to provide the Court with jurisdiction over plaintiff's state-law claims pursuant to 28 U.S.C. § 1332. Plaintiff has had ample opportunity to do so, for defendants raised this point in their motion to dismiss the first amended complaint, and the Court based its March 5, 1980, order of dismissal on plaintiff's failure

to set forth a jurisdictional basis for this action.

As discussed above, plaintiff fails to state a claim for relief under the federal copyright statute. Although plaintiff may have alleged facts sufficient to entitle it to relief under state law, it failed to set forth a basis for federal jurisdiction over those claims under 28 U.S.C. § 1332. Defendants' motion to dismiss the second amended complaint must therefore be granted.

Accordingly, and pursuant to Rules 12(b)(1) and 12(b)(6), it is

ORDERED that defendants' motion, filed March 11, 1980, to dismiss this action be, and it hereby is, granted.