**SUN STUDS, INC., Plaintiff,**

v.

**ATA EQUIPMENT LEASING, INC., an Oregon corporation, Applied Theory, Inc., an Oregon corporation, and United States Natural Resources, a Delaware corporation, Defendants.**

Civ. No. 78–714–RE.

United States District Court,
D. Oregon.

July 15, 1987.

William A. Birdwell, Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Don H. Marmaduke, Tonkon, Torp, Galen, Marmaduke & Booth, Portland, Or., for plaintiff.

David W. Axelrod, Schwabe, Williamson, Wyatt, Moore & Roberts, Robert L. Harrington, Portland, Or., for defendants.

OPINION

REDDEN, District Judge:

Plaintiff Sun Studs moves to modify the injunction stated in paragraph 15 of the Partial Judgment entered in this action on March 4, 1987. Defendants move to have the court declare that its Order granting defendants' motion for judgment notwithstanding the verdict (JNOV) on June 15, 1987, dissolved the injunction, or, in the alternative, to dissolve the injunction. Plaintiff also moves for injunctive relief from copyright infringement. I deny plaintiff's motion to modify and its motion for injunctive relief, and grant defendants' alternative motion to dissolve the injunction.

BACKGROUND

The facts of this action have been stated in prior opinions, and I repeat only the most pertinent here.

The jury returned its verdict for phase one on December 1, 1986. It found that Sun Studs' patent claims were in each case valid, and that several of defendants' systems infringed them. It returned the verdict for phase two on December 17, 1986, finding that defendants infringed its common law copyright in the SIMPX subroutine.

I entered an Opinion, Order and Partial Judgment on March 4, 1987. I held an injunction was proper, and that the injunction should be stayed in part. The partial judgment, in paragraph 15, expressed the terms of the injunction.

Defendants moved for JNOV on March 13, 1987. I granted the motion by Opinion and Order of June 15, 1987. An Amended Opinion was entered on June 24, 1987, correcting errors pointed out by the parties.

## DISCUSSION

### A. Defendants' Motion to Declare the Injunction Dissolved

Defendants argue that the Order of June 15, 1987 granting the motion for JNOV, automatically dissolved the injunction because it removed the underlying justification for the injunction. Plaintiff disagrees, arguing that the effect of a trial court JNOV is not the equivalent of an appellate court decision reversing judgment based upon a jury's verdict. It is unnecessary to decide that issue, because the alternative motion to dissolve the injunction is granted.

An injunction is appropriate where a party (1) combines probable success on the merits and the possibility of irreparable injury absent the injunction; or (2) there are serious questions raised and the balance of hardships tips sharply in favor of the party desiring the injunction. *Los Angeles Memorial Coliseum Com'n v. Nat. Football League*, 634 F.2d 1197, 1201 (9th Cir.1980). These are not separate tests, but are outer reaches of a single continuum. *Id.*

Plaintiff is no longer likely to succeed on the merits. I granted defendants' motion for JNOV concluding that on the record before the jury, reasonable persons could not reach a verdict for the plaintiff. *See* Amended Opinion of June 24, 1987. I was aware of the defendants' heavy burden on such a motion, and did have the advantage of a complete transcript and the parties' extensive briefs. Plaintiff disagrees but its arguments are not new, and I remain convinced that defendants were entitled to JNOV.

Plaintiff contends that it will suffer irreparable harm if the injunction is not continued. It does not state what that harm is, but refers to the March 4, 1987 Opinion. There I noted that the harm likely to be suffered by plaintiff or defendants was related to the likelihood of success of their cases. *Sun Studs, Inc. v. ATA Equipment Leasing, Inc.*, 655 F.Supp. 1013, 1018–19 (D.Or.1987). I stated that to the degree that Sun Studs was likely to prevail on appeal, it was likely to suffer the harm of failing to perform its contractual duty to Coe Manufacturing to defend the validity of the patents. *Id.* at 1019. Non-party Coe was, to the same degree, likely not to enjoy its right to be free from competition from infringing devices. *Id.* These potential harms remain. However, given Sun Studs' low probability of ultimate success, the probability of these harms occurring is diminished.

The balance of hardships cannot be said to tip sharply in favor of plaintiff. Defendants have shown that a steady market presence is an important factor in its business. *Id.* at 1018. If an injunction forces their absence from the market for an extended period of time, customer confidence will suffer and employees will be terminated. *Id.* A long term diminished market share is likely. *Id.* To the degree that defendants are likely to prevail on appeal, they are likely to suffer these irreparable harms.

The public interest is not served by an injunction. To the degree of probability that plaintiff will ultimately prevail, an injunction would serve the public interest in preserving patent monopolies. *Id.* However, to the degree that defendants are likely to prevail, an injunction would contradict the public interest in the full and free competition in ideas. *See Lear, Incorporated v. Adkins*, 395 U.S. 653, 669–70, 89 S.Ct. 1902, 1910–11, 23 L.Ed.2d 610 (1969).

In sum, an injunction is no longer appropriate. I was unwilling to speculate prior to briefing, transcript review and argument whether a JNOV motion would prevail. I imposed the injunction on March 4, 1987, on the presumption that the jury's verdict was

supported by substantial evidence, and that plaintiff's likelihood of success on the merits was high. I have now had the opportunity to study the record and review the briefs. Plaintiff's probability of success on the merits is no longer high. Since the balance of hardships does not tip sharply in plaintiff's favor, I dissolve the injunction.

**B.** *Plaintiff's Motion to Modify the Injunction*

I deny this motion, for the reasons stated above.

**C.** *Plaintiff's Motion for Injunctive Relief from Copyright Infringement*

■ Sun Studs seeks protection for its common law copyright in the computer program subroutine SIMPX, in the form of an injunction forbidding further reproduction, publication, distribution, translation, conversion, adaptation, or performance of the program, or any inducing of or contributing to the infringement of the copyright by others. The threshhold issue is whether a common law copyright created prior to January 1, 1978, may be protected from infringing acts occurring after January 1, 1978.

The Copyright Act of 1976 provides, at 17 U.S.C. § 301:

(a) On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State. (b) Nothing in this title annuls or limits any rights or remedies under the common law or statutes of any State with respect to—

(1) subject matter that does not come within the subject matter of copyright as specified by sections 102 and 103, including works of authorship not fixed in any tangible medium of expression; or

(2) any cause of action arising from undertakings commenced before January 1, 1978; or

(3) activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106.

Section 301(a) preempts any legal or equitable rights except to the extent that the three exceptions stated in Section 301(b) apply. H.R. No. 94–1476, 94th Cong., 2d Sess. 129–33, *reprinted in* 1976 U.S.Code Cong. & Admin.News 5659, 5745–49 (1976). Sun Studs urges the applicability of Section 301(b)(2). Section (b)(2) is ambiguous, since it does not clarify whether "undertakings commenced before January 1, 1978" means that the copyright must be created by then, or that the infringing acts must be committed by then. The legislative history is of little help, stating only that (b)(2) protects "causes of action arising under State law before the effective date of the statute." *Id.* at 5747.

*Strout Realty v. Country 22 Real Estate,* 493 F.Supp. 997 (W.D.Mo.1980) addressed this issue. It noted a split of authority as to whether the key date is the date when the copyrighted work was created or when the cause of action arose. *Id.* at 1000. It held that the key date is the date when the cause of action arose, since the legislative history, although scant, supports this view and because the contrary interpretation would eviscerate Section 301(a) of its meaning. *Id.* It concluded:

Plaintiff alleges that defendants infringed its copyright both before and after January 1, 1978. With respect to any cause of action arising after January 1, 1978, plaintiff is precluded from seeking relief in this Court by its failure to allege that it has registered the manual with the Register of Copyrights. 17 U.S.C. § 411(a). Plaintiff therefore fails to state a claim for alleged infringement after January 1, 1978, and defendants' motion to dismiss Count I of plaintiff's

complaint must be granted with respect to claims arising after January 1, 1978. *Id.* at 1000.

The Ninth Circuit, citing *Strout,* also decided to look to the date when the infringing acts occurred. In *Mention v. Gessell,* 714 F.2d 87 (9th Cir.1983), plaintiff's claims for any infringing activities occurring after January 1, 1978, were dismissed as preempted by the 1976 Copyright Act. *Id.* at 90.

Here, plaintiff seeks to enjoin infringing acts beginning in 1987. Since Section 301(a) explicitly applies to equitable rights as well as legal rights, and since section 301(b)(2) applies only where the infringing acts preceded 1978, plaintiff's motion for an injunction cannot be granted. Its common law copyright provides protection only for infringing acts committed prior to January 1, 1978, and for matters falling within the applicability of Section 301(b)(1) and (3).

Plaintiff's common law copyright does not protect against post-1978 acts. Plaintiff does not claim to hold a copyright under the 1976 Copyright Act and the motion for an injunction is therefore denied.