Argued and first submitted June 30, 1981;
supplemental memoranda of law requested by the Court
filed February 12,
affirmed April 6, 1982

BEVERIDGE et ux,
*Respondents on Review,*

*v.*

KING,
*Petitioner on Review.*

(CA 16889, SC 27693)

643 P2d 332

James K. Belknap, Portland, argued the cause and filed briefs and the supplemental memorandum for petitioner on review.

Gary A. Gluesenkamp, Hillsboro, argued the cause and filed a brief and the supplemental memorandum for respondents on review.

LENT, J.

## LENT, J.

Plaintiffs commenced this action more than two but less than six years after their cause accrued. The issue is whether the action is barred by the two-year statute of limitations prescribed in ORS 12.110(1):

> "An action for * * * any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter [ORS ch 12], shall be commenced within two years; * * *."

We hold that the cause is not barred.

It is not disputed that defendant was a builder of residential homes and that in 1975 plaintiffs entered into a written contract with defendant for the purchase of land and a new house that was under construction by defendant. After defendant purported to have completed construction, plaintiffs moved in and thereafter came to believe that there were numerous "things that had to be completed and fixed" by defendant and so advised him by letter dated September 13, 1976.

In their complaint plaintiffs averred that defendant had contracted "to furnish all labor and materials necessary for completing construction of the house," that an implied term of the written contract was that defendant would "construct the house in a workmanlike manner" and that he had "failed substantially to perform under said contract in that he failed to construct such residence in a good and workmanlike manner." Plaintiffs then pleaded some 18 particulars of defendant's alleged failure to perform his contract. Some of the particular complaints were of failure to complete certain work; some complaints were of the use of improper technique; and some complaints were a mixed bag of the first two categories. The damages sought were the amounts of money necessary to remedy the defects alleged.

Defendant pleaded an affirmative defense that the action had not been commenced within two years from the date that plaintiffs were aware of "the breach of said contract as set forth in their complaint."[1] Plaintiffs moved

---

[1] Plaintiffs have not contended that the quoted language from the affirmative defense is a concession that the alleged defects constituted a "breach of said contract."

for partial summary judgment on the affirmative defense, contending that a six-year statute of limitations governed the case. In a memorandum in support of that motion and filed therewith, plaintiffs cited and quoted ORS 12.080(1) and (3), which provide:

"(1) An action upon a contract or liability, express or implied, excepting those mentioned in ORS 12.070 and 12.110 and except as otherwise provided in ORS 72.7250;

"* * * * *

"(3) An action for waste or trespass upon or for interference with or injury to any interest of another in real property, excepting those mentioned in ORS 12.050, 12.060, 12.135 and 273.241; * * *

"* * * * *

"shall be commenced within six years."[2]

Defendant moved for summary judgment, contending that the case was governed by ORS 12.135(1), citing the Court of Appeals' decision in *Securities-Intermountain v. Sunset Fuel,* 40 Or App 291, 594 P2d 1307 (1979).[3] ORS 12.135(1) provides:

"An action to recover damages for injuries to a person or to property arising from another person having performed the construction, alteration or repair of any improvement to real property or the supervision or inspection thereof, or from such other person having furnished the design, planning, surveying, architectural or engineering services for such improvement, shall be commenced within two years from the date of such injury to the person or property; provided that such action shall be commenced within 10 years from substantial completion of such construction, alteration or repair of the improvement to real property."

The trial court denied plaintiffs' motion, allowed defendant's motion and dismissed the case with prejudice.

Plaintiffs appealed, and in their brief in the Court of Appeals both challenged and sought to distinguish the Court of Appeals' decision in *Securities-Intermountain.* By the time defendant filed his brief in the Court of Appeals,

---

[2] None of the exceptions mentioned in ORS 12.080(1) and (3) are pertinent to decision in this case.

[3] Defendant's motion and the trial court decision both antedated our decision in *Securities-Intermountain v. Sunset Fuel,* 289 Or 243, 611 P2d 1158 (1980).

we had decided that ORS 12.135(1) is not applicable to this kind of claim. *Securities-Intermountain v. Sunset Fuel,* 289 Or 243, 611 P2d 1158 (1980). In his brief, therefore, defendant relied upon statements from our opinion and ORS 12.110(1). Considering the case at bar en banc, the majority of the Court of Appeals concluded our decision in *Securities-Intermountain* was not apposite, held that this action was upon a contract and was governed by ORS 12.080(1), and accordingly reversed. The dissenters in the Court of Appeals believed our decision in *Securities-Intermountain* required the opposite result. *Beveridge v. King,* 50 Or App 585, 623 P2d 1132 (1981).

We allowed defendant's petition for review, ORS 2.520, 291 Or 1 (1981), to consider whether some clarification or refinement of our decision in *Securities-Intermountain* should be undertaken. Having studied what we there said and held, we are still of the opinion that ORS 12.135(1) is concerned with cases involving bodily injuries and physical injury to existing tangible property and has no application to financial losses resulting from inadequate performance or completion of the work or services described in ORS 12.135(1). The claim in the case at bar is not for bodily injury or physical injury to existing tangible property; therefore, the applicable statute of limitations is other than ORS 12.135(1).[4]

---

[4] We do not believe it profitable again to review the older cases which we discussed in *Securities-Intermountain v. Sunset Fuel,* 289 Or 243, 252-259, 611 P2d 1158, 1163-1167 (1980). That discussion demonstrates that until *Securities-Intermountain,* at least, there was truth to criticism of our approach to this problem:

"In applying the two-year or six-year limitation period, the court has merely settled the specific case at bar, leaving no pattern of precedent for the future."

Comment, *Tort in Contract: A New Statute of Limitations,* 52 Ore. L.R. 91, 97 (1972).

To this writer, some of our decisions discussed in *Securities-Intermountain* seem to reflect too much solicitude for those who injure others by failing to keep their implied promises to perform their trades or callings in a workmanlike manner. Perhaps the best solution would be to start with what, in *Securities-Intermountain,* we quoted, 289 Or at 255, 611 P2d at 1165, note 7, from *Ashmun v. Nichols,* 92 Or 223, 234-235, 180 P 510, 512 (1919). To paraphrase as applicable to a contract to construct a building, I would say:

"If the only injury is one directly contemplated by the construction contract, as the decreased value of the premises, the action of the contractee would be purely on the contract."

In *Schmauch v. Johnston,* 274 Or 441, 547 P2d 119 (1976), there was a written contract in which defendants had agreed to build a home for a sum certain, including the price of the lot. There the contract expressly provided that the building "shall be constructed in a good workmanlike manner." Plaintiffs "discovered numerous defects and omissions in the construction of the home." They sought damages in a sum equal to the cost of remedying the defects. In describing the cause of action, we stated: "This is an action to recover damages for breach of contract." 274 Or at 443, 547 P2d at 120.

Except for the circumstance that the obligation to construct in a workmanlike manner was express rather than implied, the cause in *Schmauch* was the same as that pleaded in the case at bar. If the cause predicated upon the express obligation was an action to recover damages for breach of contract, it would seem to follow that the cause on the implied obligation is also for damages for breach of contract.

Defendant's position, however, is that plaintiffs' cause is really one for damages resulting from alleged negligence of the defendant in performing the services of his trade or calling. He contends that we have previously held that such actions are governed by ORS 12.110(1), citing cases which we have previously discussed at length in *Securities-Intermountain v. Sunset Fuel, supra. See* note 4, *supra.* Whatever may be true as to the continuing vitality of those decisions, such as *Ashley v. Fletcher,* 275 Or 405, 550 P2d 1385 (1976); *Lindemeier v. Walker,* 272 Or 682, 538 P2d 1266 (1975); *Bales for Food v. Poole,* 246 Or 253, 424 P2d 892 (1967); and *Dowell v. Mossberg,* 226 Or 173, 355 P2d 624 (1961), as applied to the fact situations which gave rise to them, we do not find them controlling upon the facts presented in the case at bar.[5]

---

[5] ORS 12.080(3) provides:

"An action for waste or trespass upon *or for interference with or injury to any interest of another in* real property * * * shall be commenced within six years."

The underlined language was added to the subsection by amendment in 1973. *Bales for Food v. Poole,* 246 Or 253, 424 P2d 892 (1967), was decided before the 1973 amendment. *Ashley v. Fletcher,* 275 Or 405, 550 P2d 1385 (1976), was

In order for the part of ORS 12.110(1) with which we are here concerned to control disposition of an action, two factors must be present: (1) the action must not be one "arising on contract" and (2) the action must be "not especially enumerated in this chapter [12]."

Some of the above-cited cases discussed in *Securities-Intermountain* involved actions for damages which we found to be for negligent "injury to the person," in the words of ORS 12.110(1), and our holding that those cases did not arise on contract and the fact that they were not actions especially enumerated elsewhere in ORS chapter 12 required that they be commenced within two years. The actions against medical practitioners were in that category.

In other cases, not involving injury to the person, we found the cases to be for "injury to the * * * rights of another [plaintiff]" in the words of ORS 12.110(1), not arising on contract and not especially enumerated elsewhere in ORS chapter 12.

As noted above, the plaintiffs, in support of their motion for partial summary judgment in the trial court, relied upon either ORS 12.080(1) or ORS 12.080(3) as being controlling. In other words, they contend that this is either an action upon contract, express or implied, or an action "for interference with or injury to [an interest of plaintiffs] in real property." If it is either of those kinds of action, it is not governed by ORS 12.110(1), as we have above stated, because the express language of ORS 12.110(1) excludes those categories of actions from its ambit.

If we accept, as did the majority of the Court of Appeals, that this is simply an action upon a contract under ORS 12.080(1), the judgment of that court must be affirmed, and the defendant loses. If we assume, as

---

commenced after the effective date of the 1973 amendment, but neither party cited the amendment or argued its effect to this court. This court disposed of the case on the authority of *Bales for Food,* and our opinion in *Ashley* makes no mention of ORS 12.080(3). It is not necessary for us here to decide whether the 1973 amendment would govern cases such as *Bales for Food* and *Ashley.*

defendant necessarily contends, that it is not an action upon a contract, the defendant can prevail only if this is not an "action * * * for interference with or injury to any interest of another in real property." ORS 12.080(3).

The cases upon which defendant relies, other than those dealing with "injury to the person," dealt with what ORS 12.110(1) calls "injury to the * * * *rights of another.*" (Emphasis added) ORS 12.080(3) deals with "injury to *any interest of another* in real property." (Emphasis added). An action for damages for injury to *any interest of plaintiffs* in the real property which was the subject of this sale is "especially enumerated" in ORS 12.080(3).

Defendant does not take the position that his alleged misperformance injured property that still belonged to him, i.e., injured his own rights in the property; if he did, he could not rely upon ORS 12.110(1), which is concerned with injury to the rights of *another*. Necessarily, therefore, it is defendant's position that his alleged wrongdoing concerned the rights of another in that property. The only other persons who had any material rights in the real property were the plaintiffs, the contract purchasers of the property. This is because of the doctrine of equitable conversion.

The parties to this case are the parties to a contract for the sale and purchase of real property. From the time they entered into an enforceable contract for the defendant to sell and the plaintiffs to buy the real property, the plaintiffs became the beneficial owners of the interests in this real property, and the defendant held legal title as security for the payment of the agreed purchase price. *Panushka v. Panushka,* 221 Or 145, 149-50, 349 P2d 450 (1960).

To sum up, defendant cannot prevail here upon any theory that a two-year statute of limitations is applicable. The two-year period prescribed by ORS 12.135(1) is not applicable because of our construction of that statute in *Securities-Intermountain v. Sunset Fuel, supra.* ORS 12.110(1) is not applicable either because the action does arise on contract or because the injuries here were to the interests of "another" in real property and the action to

recover damages for those injuries is especially enumerated in ORS 12.080(3).[6]

The judgment of the Court of Appeals is affirmed.

---

[6] As we noted in *Securities-Intermountain v. Sunset Fuel, supra,* the plaintiff in that case did not invoke ORS 12.080(3). *See* footnote 1, 289 Or at 246, 611 P2d at 1160.