Argued and submitted September 27, 1982, affirmed in part, reversed in part and remanded April 13, 1983

## MORRISON et ux,
*Appellants,*

*v.*

## ARDEE PEST CONTROL, INC.,
*Respondent,*

(A8104-02466; CA A23280)

661 P2d 576

David P. Morrison, Portland, argued the cause for appellants. With him on the briefs was Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland.

John E. Schwab, Tigard, argued the cause for respondent. With him on the brief was Charles J. McClure, Tigard.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiffs seek to recover damages they incurred because they purchased a residence after relying on defendant Ardee Pest Control's inspection, which did not disclose the existence of dry rot above the floor level. That defendant's motion for summary judgment was granted and, from the final judgment entered dismissing the complaint, plaintiffs appeal. The other defendants are no longer in the lawsuit. Defendant's motion was granted on the ground that the statute of limitations had run as to both counts alleged in the complaint. Because the motion was based on the pleadings, we take the facts from the amended complaint and defendant's answer.

The amended complaint alleges that on or about August 2, 1976, plaintiffs entered into an earnest money agreement to purchase real property. In the course of the negotiations and as part of the agreement, Stan Wiley, plaintiffs' agent, hired defendant to conduct a dry rot inspection of the dwelling. A satisfactory report was a condition of the purchase. On or about August 5, defendant conducted the inspection and reported to plaintiffs that the only dry rot problem was in the area of the back porch, and that the problem could be repaired for $300 to $350. Based on that report, plaintiffs purchased the property, but they discovered "in and around 1978 through 1980" dry rot throughout a substantial portion of the dwelling in the window areas.

Plaintiffs seek to recover $12,000 as the cost of repairing those areas under two legal theories separately alleged in two counts: negligence in making the inspection and breach of contract in failing to perform the inspection in a "good and workmanlike manner." The action was commenced more than two but less than six years after the inspection. Defendant's answer alleged that the action was not commenced within the time permitted by law, relying on ORS 12.110(1). As a second affirmative defense, defendant alleged:

"IV

"At plaintiffs' special instance and request, Ardee conducted a limited dry rot inspection of the premises plaintiffs proposed to purchase. It is the standard operating

procedure of the industry in which Ardee is engaged to limit such inspections to the area of structures below the floor level that are visible and accessible to the inspector. More thorough inspections are conducted upon request. The plaintiffs made no such request. The plaintiffs did not allow Ardee to complete its inspection and demanded that no inspection report be prepared.

"V

"Plaintiffs' present and future damages were and will be incurred as a proximate result of plaintiffs' own negligence in not contracting for nor allowing Ardee to conduct a sufficiently thorough dry rot inspection when it knew or should have known a more thorough inspection was warranted."

The trial court ruled that both of plaintiffs' claims are based in tort and are barred by ORS 12.110(1), which provides, in relevant part:

"* * * [A]ny injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; * * *."

The statute controls the first count, unless the claim is covered by another statute "especially enumerated." Plaintiffs contend that their negligence claim is governed by ORS 12.080(3), which provides, in relevant part:

"An action for waste or trespass upon or for interference with or injury to any interest of another in real property * * *

"* * * * *

"shall be commenced within six years."

■ No case has construed that statute. In *Beveridge v. King,* 292 Or 771, 643 P2d 332 (1982), *aff'd* 50 Or App 585, 623 P2d 1132 (1981), the plaintiffs, purchasers of a new house under construction by the defendant-seller, alleged that the house had not been completed in a workmanlike manner. Because the purchasers did not allege the breach of any specific contract provision, the defendant contended that, under the analysis in *Securities-Intermountain v. Sunset Fuel,* 289 Or 243, 611 P2d 1158 (1980), their claim was founded in tort and was, therefore, barred by ORS 12.110(1). Although the court appeared to treat the contract, at least in part, as a construction contract, *i.e.,* one

for personal services, it did not state whether, under *Securities-Intermountain,* the claim was founded in tort or contract. Rather, it pointed out that before ORS 12.110(1) would bar the action

"* * * two factors must be present: (1) the action must not be one 'arising on contract' and (2) the action must be 'not especially enumerated in this chapter [12].' " 292 Or at 777.

The court went on to discuss why the claim might be, as we had held, one arising on contract or as one "for interference with or injury to [an interest of plaintiffs] in real property" and concluded:

"* * * ORS 12.110(1) is not applicable either because the action does arise on contract or because the injuries here were to the interests of 'another' in real property and the action to recover damages for those injuries is especially enumerated in ORS 12.080(3)." 292 Or at 778-79.

Because both ORS 12.080(1) and (3) provide six years within which to commence an action, it was not necessary to decide which subsection controlled.

However, in view of the fact that the court entertained the idea that ORS 12.080(3) might be applicable, plaintiffs contend that that statute applies here. Although we agree that the question is an open one, the nature of plaintiffs' injury here differs in kind from that suffered by the plaintiff in *Beveridge,* where the defendants' conduct allegedly caused damage *to the dwelling.* Here, plaintiffs purchased the dwelling in reliance on defendant's inspection report; if they were harmed by defendant's conduct, it was because they had not been correctly informed as to the extent to which the dwelling *had been damaged by dry rot,* inducing plaintiffs to purchase it. Thus, the *property* was not injured by defendant's conduct; it was injured by the dry rot.[1] Neither was there an injury to plaintiffs' interest in the property. The injury caused by the allegedly negligent inspection was to plaintiffs' pocketbook. Accordingly, we hold that plaintiffs' negligence count is barred by ORS 12.110(1).

---

[1] There is no indication in plaintiffs' complaint that the dry rot caused additional damage subsequent to the inspection that could have been arrested had defendant informed plaintiff of the problem.

Plaintiffs' second count for breach of contract presents a different problem. The parties argue the statute of limitations question extensively, but we do not view this record as presenting that question. Defendant's motion for summary judgment is based on the pleadings. From a review of the pleadings, it is apparent that plaintiffs allege an agreement with defendant to inspect the "property and dwelling" (not a limited part of it) for the existence of dry rot. Defendant admits that there was an agreement, but alleges that it was an agreement providing for a limited inspection of the "structures below the floor level that are visible and accessible to the inspector." Plaintiffs allege that they discovered dry rot "in the window areas of the dwelling" after purchasing the property and that their damage results from the rot in those areas, not the foundation.

It is apparent that the parties differ as to what the agreement between them required defendant to do. Defendant concedes it made only the limited inspection it alleges it agreed to make; therefore, it would have breached the agreement alleged by plaintiffs by failing to do all of the work called for. There would be no occasion to consider whether the inspection defendant did make was done in a workmanlike manner. By the same token, if defendant is correct, it performed the limited inspection required of it, and plaintiffs claim no damage for dry rot in the structures below the floor level. Accordingly, there is a genuine issue of material fact, and the granting of summary judgment on the second count was inappropriate.

Affirmed in part; reversed in part, and remanded.