Argued and submitted November 4, 1983, affirmed January 4,
reconsideration allowed; former opinion withdrawn; reversed and remanded
July 18 (69 Or App 222, 685 P2d 470), reconsideration denied August 24,
appeal dismissed October 5, 1984 (298 Or 68)

# TAYLOR,
*Appellant,*

*v.*

# SETTECASE et al,
*Respondents,*

(125,774; CA A26518)

673 P2d 1384

J. Michael Alexander, Salem, argued the cause for
appellant. With him on the briefs were Daniel J. Gatti, and
Burt, Swanson, Lathen, Alexander & McCann, Salem.

Richard H. Allen, Salem, argued the cause for respondents. With him on the brief was Allen, Stortz, Fox & Susee, Salem.

Before Gillette, Presiding Judge, and Warden and Rossman, Judges.

WARDEN, J.

**WARDEN, J.**

In this action for damages, plaintiff alleged that he orally contracted with defendants for their architectural services. Defendants moved for summary judgment on the ground that the action was not commenced within the two-year limitation period in ORS 12.110. The trial court granted the motion and entered judgment for defendants. We affirm.[1]

The issue presented on appeal is whether the two-year limitation in ORS 12.110, or the six-year limitation in ORS 12.080(3), controls an action involving an architect's alleged failure properly to perform architectural duties. We need not reach that issue, however, to affirm the trial court, because the record on summary judgment shows that there is no genuine issue of material fact.

Plaintiff's fifth amended complaint alleges that defendant breached its contract with plaintiff:

"1)   In failing to properly recommend, engineer and install adequate heating and cooling units which would be fit for the particular purpose intended;

"2)   In failing to properly insulate the rooms and ceilings of the aforesaid office building;

"3)   In failing to properly plan and specify appropriate heating and cooling units which would be for [sic] for the particular purpose intended;

"4)   In failing to properly remodel and construct the building so that the leakage in room 5 of the third floor and the glass lobby on the second floor would not occur, and render the premises unusable;

"5)   In failing to properly supervise construction and moving of the building in addition to properly supervising remodeling and renovation of the building in accordance with the agreement between the parties."

In support of defendants' motion for summary judgment based on the statute of limitations, they submitted the following affidavit:

"I, HOWARD P. SMITH, say that I am a partner in the firm of Settecase Smith Doss Architecture, defendants herein, and on oath do depose and say:

---

[1] Defendant C. A. Lantz Construction Company entered into a stipulated order of dismissal with plaintiff and is not a party to this appeal.

"That approximately January 1976, the Plaintiff, Duane F. Taylor and Robert C. Young orally employed our architectural firm to draw plans and specifications for remodeling a building then to be moved from it's [sic] location as part of Salem Hospital to a site across Winter Street in Salem, Oregon at 680 Winter Street. No written contract was ever made and our arrangement was to perform architectural services on a time charge basis as requested from time to time by Taylor and Young.

"Moving of the building was accomplished by LeBeck and Son pursuant to a contract directly between Taylor and LeBeck and to which our firm was not a party.

"Actual construction and remodeling was by C.A. Lantz Co. by contract directly with Taylor and to which our firm was not a party.

"At Plaintiff's request our firm procured mechanical and heating engineers, Morrison, Funatake, Inouye, Andreus, Inc. who designed and oversaw the installation of the heating system.

"Without any detailed instructions from Plaintiff, our firm did follow the usual architectural procedures of inspecting the progress of all the work, reviewing bills from contractors and generally communicating with Plaintiff or his agent, Jerry Rawlins, as to the matters generally within architectural duties. We did pay, on behalf of Plaintiff and Young, the charges of the heating engineers and soil engineers as requested by Plaintiff, and included such charges in our billings. Our charges as billed were paid by Plaintiff up to November 2, 1977 and billings for services and advances since said date have not been paid by plaintiff.

"That I make this Affidavit from my own personal knowledge of the facts and I am in all respects competent to testify as a witness herein."

Defendant Smith's affidavit was not opposed by counter-affidavit or any admissible evidence under ORCP 47C;[2] we therefore treat the facts set forth in that affidavit as

---

[2] ORCP 47C provides:

"The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party, prior to the day of hearing, may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in

established for the purpose of summary judgment. *Comley v. State Bd of Higher Ed.*, 35 Or App 465, 469-70, 582 P2d 443 (1978).

The affidavit establishes that defendants were orally employed to draw plans and specifications for remodeling plaintiff's building. It further establishes that the moving of the building, its construction and remodeling, and the design and installation of the heating system were all done by firms other than defendants'. Plaintiff's complaint does not allege that defendants failed properly to draw plans and specifications for remodeling the building. With respect to the allegation in the complaint that defendants "fail[ed] to properly plan and specify appropriate heating and cooling units * * *," defendants' affidavit establishes that plaintiff only requested defendants to procure "mechanical and heating engineers, Morrison, Funatake, Inouye, Andreus, Inc. who designed and oversaw the installation of the heating system." This affidavit establishes that defendants did not have any of the duties alleged in the complaint and, therefore, could not have breached the contract in any of particulars specifically alleged.

Although plaintiff's complaint contains allegations that contradict defendant Smith's affidavit, there is no counter-affidavit or other *evidence* that does so. There being no genuine issue of material fact, summary judgment was proper.

Affirmed.

character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."