# TAYLOR,
*Appellant,*

*v.*

# SETTECASE et al,
*Respondents.*

## (125,774; CA A26518)

685 P2d 470

J. Michael Alexander, Salem, for petition.

Before Gillette, Presiding Judge, and Warden and Rossman, Judges.

WARDEN, J.

## WARDEN, J.

Plaintiff petitions for reconsideration of our earlier decision,[1] in which we affirmed the trial court's grant of a summary judgment in defendants' favor. We allow the petition for reconsideration, withdraw our former opinion, reverse and remand.

In this action for damages, plaintiff alleged that he had orally contracted with defendants to perform certain architectural services.[2] Defendants moved for summary judg-

---

[1] *Taylor v. Settecase,* 66 Or App 332, 673 P2d 1384 (1984).

[2] The complaint alleges:

"III.

"That in 1976, Plaintiff and Robert C. Young, orally contracted with PAYNE to act as Plaintiff's agent to perform certain architectural services in conjunction with plaintiff's aforesaid office building, including drawing up plans and specifications for the remodeling of the building and drawing up plans and specifications and providing for the heating and cooling systems of the building together with supervising construction and moving of the building in addition to remodeling and renovating the building so that the building could be used as a medical facility to meet plaintiff's needs as a doctor.

"* * * * *

"V.

"That in September, 1978, defendant PAYNE informed Plaintiff that the building was ready for occupancy and that defendants services were substantially completed, and plaintiff thereupon moved into the aforesaid office building and discovered that the heating and cooling units put in by PAYNE or PAYNE's agents or employees malfunctioned, and were unsuitable for building needs in that they over cooled or overheated and were improperly installed and should not have been installed at all because of their size and the size of the rooms in the building. Plaintiff further discovered that PAYNE or PAYNE's agents or employees had improperly insulated the rooms and ceilings in the aforesaid office building for sound, and plaintiff further discovered that there was leaking in room 5 of the third floor in the glass lobby on the second floor.

"VI.

"That defendant PAYNE breached its contract with plaintiff in the following particulars, to-wit:

"1) In failing to properly recommend, engineer and install adequate heating and cooling units which would be fit for the particular purpose intended;

"2) In failing to properly insulate the rooms and ceilings of the aforesaid office building;

"3) In failing to properly plan and specify appropriate heating and cooling units which would be for the particular purpose intended;

"4) In failing to properly remodel and construct the building so that the leakage in room 5 of the third floor and the glass lobby on the second floor would not occur, and render the premises unuseable.

ment on the ground that the action had not been commenced within the two-year limitation period under ORS 12.110(1) and *former* ORS 12.135.[3] On the basis that ORS 12.110(1) applies, the trial court granted the motion and entered judgment for defendants. Without reaching the issue of the applicable limitation period, we affirmed.

---

"5) In failing to properly supervise construction and moving of the building in additon to properly supervising remodeling and renovating of the building in accordance with the agreement as aforementioned.

"[VII.]

"That Plaintiff has performed all conditions and obligations upon his part to be performed, pursuant to the agreement with defendant PAYNE.

"VIII.

"As a direct and proximate result of the breach of contract as aforementioned, plaintiff has been damaged * * *."

[3] ORS 12.110(1) provides:

"An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit."

*Former* ORS 12.135 (*amended by* Or Laws 1983, ch 437, § 1), provided:

"(1) An action to recover damages for injuries to a person or to private property arising from another person having performed the construction, alteration or repair of any improvement to real property or the supervision or inspection thereof, or from such other person having furnished the design, planning, surveying, architectural or engineering services for such improvement, shall be commenced within two years from the date of such injury to the person or property; provided that such action shall be commenced within 10 years from substantial completion of such construction, alteration or repair of the improvement to real property.

"(2) For purposes of subsection (1) of this section, 'substantial completion' means the date when the contractee accepts in writing the construction, alteration or repair of the improvement to real property or any designated portion thereof as having reached that state of completion when it may be used or occupied for its intended purpose or, if there is no such written acceptance, the date of acceptance of the completed construction, alteration or repair of such improvement by the contractee.

"(3) The limitations prescribed in subsection (1) of this section:

"(a) Apply, in addition to other actions, to actions brought in the name of the state or any county or other public corporation therein, or for its benefit; and

"(b) Do not apply to actions against any person in actual possession and control of the improvement, as owner, tenant or otherwise, at the time such cause of action accrues."

In affirming, we reviewed defendant's affidavit—which was not opposed by counter-affidavit, or by any other admissible evidence under ORCP 47C—that, we stated, specifically controverted each of the allegations in plaintiff's complaint:

> "The affidavit establishes that defendants were orally employed to draw plans and specifications for remodeling plaintiff's building. It further establishes that the moving of the building, its construction or remodeling, and the design and installation of the heating system were all done by firms other than defendant. Plaintiff's complaint does not allege that defendant failed to properly draw plans and specifications for remodeling the building. With respect to the allegation in the complaint that defendant 'fail[ed] to properly plan and specify appropriate heating and cooling units * * *,' defendants' affidavit establishes that plaintiff only requested defendant to procure 'mechanical and heating engineers, Morrison, Funatake, Inouye, Andreus, Inc. who designed and oversaw the installation of the heating system.'" *Taylor v. Settecase, supra,* 66 Or App at 336, n 1.

We concluded that the defendants' affidavit showed that there remained no material issue of fact.

In his petition for reconsideration, plaintiff urges that, although the affidavit establishes that the moving, construction and remodeling of the building were performed under separate contracts, defendants nevertheless had a duty of supervision. That duty, argues plaintiff, was not sufficiently controverted by the affidavit. On reconsideration, we conclude that we read the complaint too narrowly and, therefore, failed to consider whether the limitation period of ORS 12.110(1) applies to this action.[4] We now consider which statute of limitation applies.

---

[4] The complaint alleges:

"VII.

"As a direct and proximate result of the breach of contract as aforementioned, plaintiff has been damaged as follows:

"1)  Plaintiff has been unable to secure tenants for office space which would be available due to defendants' breach as aforementioned and as a result, plaintiff has lost to date the sum of $16,170.00 as damages, representing rental loss for the third floor of the said office building.

"2)  Plaintiff has further lost the sum of $40,500.00 to date, which sum represents the loss of the use and rental value of the second floor of the said building;

Defendants contend that plaintiff's action is barred by the two-year limitation of either ORS 12.110 or 12.135(1), relying on "guidelines set forth in *Securities Intermountain, Inc. v. Sunset Fuel Co.,* 289 Or 243, 611 P2d 1158 (1980)." Plaintiff contends that his claim is governed by ORS 12.080(3), which provides in relevant part:

> "An action for waste or trespass upon or interference with or injury to any interest of another in real property * * *
>
> "* * * * *
>
> "shall be commenced within six years."

In *Beveridge v. King,* 292 Or 771, 643 P2d 332 (1982)—an action commenced more than two but fewer than six years after the cause of action accrued—the plaintiffs claimed that the defendant had agreed in writing to furnish the labor and materials necessary for constructing a house. The complaint alleged that an implied term of the contract was that the defendant would construct the house in a "workmanlike manner" but that the defendant had failed to do so. The defendant contended that, because the plaintiffs did not allege a breach of any specific contract provision, the claim was barred by ORS 12.110(1).

In holding that ORS 12.110(1) did not bar the plaintiff's claim, the court stated:

> "In order for the part of ORS 12.110(1) with which we are here concerned to control disposition of an action, two factors must be present: (1) the action must not be one 'arising on contract' and (2) the action must be 'not especially enumerated in this chapter [12].'
>
> "* * * * *

---

"3)   Plaintiff continues to lose the sum of $2,700.00 per month in damages, from the date of filing this complaint, which sum represents the loss of rent and income for the second floor from the time of filing this lawsuit, until:

"(a)   the defective heating system is fixed;

"(b)   the second floor is remodeled; and

"(c)   tenants take possession of the second floor;

"4)   The sum of $17,015.50 as and for damages for the loss of use and income for the first floor of the said building."

"The cases upon which defendant relies, other than those dealing with 'injury to the person,' dealt with what ORS 12.110(1) calls 'injury to the * * * *rights of another.'* (Emphasis added.) ORS 12.080(3) deals with 'injury to *any interest of another* in real property.' (Emphasis added.) An action for damages for injury to *any interest of plaintiffs* in the real property which was the subject of this sale is 'especially enumerated' in ORS 12.080(3).

"Defendant does not take the position that his alleged misperformance injured property that still belonged to him, i.e., injured his own rights in the property; if he did, he could not rely upon ORS 12.110(1), which is concerned with injury to the rights of *another*. Necessarily, therefore, it is defendant's position that his alleged wrongdoing concerned the rights of another in that property. The only other persons who had any material rights in the real property were the plaintiffs, the contract purchasers of the property. This is because of the doctrine of equitable conversion." 292 Or at 777-78. (Emphasis in original.)

The court concluded:

"ORS 12.110(1) is not applicable either because the action does arise on contract[5] or because the injuries here were to the interests of 'another' in real property and the action to recover damages for those injuries is especially enumerated in ORS 12.080(3)." 292 Or at 778-79.

The injuries alleged in the present case do not differ materially from the injuries alleged in *Beveridge*. Although the court's rationale in *Beveridge* was alternatively grounded in ORS 12.080(1) and 12.080(3), we hold that in the present case the allegations of injuries are those to "any interest of another in real property * * *." ORS 12.080(3).[6] Therefore, they are "especially enumerated in * * * chapter [12]" and are outside the ambit of ORS 12.110(1).

Petition for reconsideration allowed; former opinion withdrawn; reversed and remanded.

---

[5] In which case ORS 12.080(1) would apply, providing a six-year statute of limitations.

[6] As the court noted in *Beveridge*, the plaintiff in *Securities-Intermountain v. Sunset Fuel, supra*, did not invoke ORS 12.080(3). 292 Or at 779, n 6.