CABAL et ux,
*Appellants - Cross-Respondents,*

*v.*

DONNELLY, dba Donnelly·and
Jenner Construction,
*Defendant,*

JENNER, dba Donnelly and
Jenner Construction,
*Respondent - Cross-Appellant.*

(20-803; CA A33370)

714 P2d 1071

Donald M. Kelley, Silverton, argued the cause for

appellants - cross-respondents. With him on the briefs was Kelley & Kelley, Silverton.

J. Michael Alexander, Salem, argued the cause for respondent - cross-appellant. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

### BUTTLER, P. J.

This case requires that we decide the apparently unresolved question whether an action against a builder-vendor to recover damages under the implied warranty that the new residence has been built in a workmanlike manner and was fit for habitation sounds in tort or contract. *See Yepsen v. Burgess,* 269 Or 635, 525 P2d 1019 (1974); *Schmauch v. Johnston,* 274 Or 441, 547 P2d 119 (1976); *Securities-Intermountain v. Sunset Fuel,* 289 Or 243, 611 P2d 1158 (1980); *Beveridge v. King,* 50 Or App 585, 623 P2d 1132 (1981), *aff'd on other grounds* 292 Or 771 (1982). With some trepidation, we reaffirm our view expressed in *Beveridge v. King, supra,* and hold that such an action is for breach of contract. That conclusion requires that we modify the judgment and remand for a determination of plaintiffs' reasonable attorney fees.

In June, 1977, plaintiffs purchased a new house from defendant,[1] builder-vendor of new homes. It proved defective in certain respects and, after attempts at repair failed, this action was commenced. The complaint stated two "claims for relief." The first alleged that the defects constituted a breach of the sale contract, thus entitling plaintiffs to recover damages, together with reasonable attorney fees as authorized by the contract.[2] The second alleged a breach of warranty only and did not include a claim for attorney fees. The trial court found that the evidence supported plaintiffs' allegations of defective conditions and that, because of those defects, the house was not habitable; it concluded that those findings supported only Count II, alleging breach of warranty. It held that plaintiffs were entitled to relief on their warranty claim but not on their contract claim and, therefore, did not award attorney fees. Plaintiffs moved to amend Count II of their complaint to allege that the warranty arose out of the contract

---

[1] There is no evidence in the record that defendant Donnelly was served or appeared in this action. Nevertheless, the trial court entered judgment against both defendants in their individual capacity. On appeal, Donnelly is not named as a respondent or cross-appellant.

[2] The contract provided:

"* * * In any suit or action brought on this contract, the losing party therein agrees to pay the prevailing party therein (1) the prevailing party's reasonable attorney's fees in such suit or action, to be fixed by the trial court, and (2) on appeal if any, similar fees in the appellate court, to be fixed by the appellate court."

and that they were entitled to attorney fees. At the same time, plaintiffs asked the court to reconsider its findings as applied to Count I. Both motions were denied, and judgment was entered for plaintiffs, excluding attorney fees.

On appeal, plaintiffs contend that the court's conclusions were inconsistent, because finding a breach of the implied warranty of workmanlike construction and habitability necessarily implies a breach of the underlying sale contract out of which the implied warranty arose; therefore, the trial court erred in dismissing their contract claim and in failing to award attorney fees. We agree.

The dilemma with which the litigants and the trial court were faced is the product of the failure of the appellate courts to clarify the nature of the rights of contracting parties under these circumstances. There appears to be no question that, if the contract expressly provides that the house "shall be constructed in a good workmanlike manner," failure to do so is a breach of contract. *Schmauch v. Johnston, supra.*

That a warranty of workmanlike construction and habitability is implied in a contract for the sale of a home built by the vendor was recognized by the Supreme Court in *Yepsen v. Burgess, supra,*[3] overruling *Steiber v. Palumbo et al,* 219 Or 479, 347 P2d 978 (1959). There appears to be no rational basis for distinguishing the implied obligation from the express one. The only difference is that, in the latter case, the obligation is imposed on the builder-vendor as a matter of law, making it a part of the contract by implication.

However, after the Supreme Court's opinion in

_____

[3] The court endorsed the reasoning of other state courts that had abandoned *caveat emptor* with regard to the purchase and sale of new homes:

"* * * [T]he essence of the transaction is an implicit engagement upon the part of the seller to transfer a house suitable for habitation. * * * [A]lthough a house becomes a part of the realty according to the technical law of accession, the purchaser sees the transaction primarily as the purchase of a house with the land only as an incident thereto. Looked at in this light, there is no substantial difference between the sale of a house and the sale of goods and it follows, therefore, that the implied warranties of fitness for use attendant upon a sale of personal property should attach to a sale of a house." 269 Or at 640.

Certainly, a cause of action arising out of the sale of goods which alleges a breach of the implied warranty of fitness for a particular purpose may not be characterized as an action in tort.

*Securities-Intermountain v. Sunset Fuel, supra,* the question remained as to whether an implied warranty arises out of contract for the purpose of determining the applicable Statute of Limitations. In *Beveridge v. King, supra,* a majority of this court held that an action on the implied warranty was one for breach of contract and subject to the six-year Statute of Limitations governing contract claims (ORS 12.080(1)), rather than the two-year Statute of Limitations governing tort claims (ORS 12.110(1)). On review, the Supreme Court held that there was no two-year Statute of Limitations governing the action and affirmed on that ground. 292 Or at 778-79.

We reaffirm our holding in *Beveridge v. King, supra,* believing that the implied obligation of the vendor is not distinguishable from the express obligations involved in *Schmauch v. Johnston, supra.* Here, as in *Schmauch,* plaintiffs contracted with a builder-vendor for the purchase of a new home. When defects were discovered, an action was brought to recover the amount of the resulting diminution in value of the property. Plaintiffs were not required to allege or prove that the building had been constructed in a negligent manner, and the trial court recognized no such requirement. In order to prevail, it was sufficient for plaintiffs to show that, because of the alleged defects, the contract was breached and plaintiffs were damaged. Plaintiffs did so here.

The question remains whether the trial court erred in not treating the breaches as a breach of contract. Defendant contends that plaintiffs are bound by their having pled two claims and, therefore, cannot complain. As we view the two claims, they are not, as a matter of law, separate but arise out of the contract between the parties. As indicated, the court's findings support a conclusion that the warranty, implied in the contract, was breached. Because the contract provided for attorney fees to the prevailing party, the judgment should provide for them.

On cross-appeal, defendant argues that there is insufficient evidence to support the court's findings and judgment. The evidence was sufficient.

On appeal, judgment modified to provide judgment against Jenner for attorney fees and remanded to determine the amount; on cross-appeal, affirmed.