Argued and submitted July 18, reversed and remanded August 27, 1986

## SUTTER et al,
*Appellants,*

*v.*

## BINGHAM CONSTRUCTION, INC.,
*Respondent.*

(83-1783C; CA A35580)

724 P2d 829

William Dickas, Portland, argued the cause for appellants. With him on the brief was Kell, Alterman & Runstein, Portland.

Mary D. Chaffin, Portland, argued the cause for respondent. With her on the brief were Claudia M. Coleman and Ragen, Roberts, Tremaine, Krieger, Schmeer, O'Scannlain & Neill, Portland.

Before Richardson, Presiding Judge, and Warren and Deits, Judges.

WARREN, J.

## WARREN, J.

Plaintiffs appeal from the dismissal of their action as to defendant Bingham Construction, Inc. (defendant), because it was not timely commenced. They contend that the trial court erred in applying the two-year Statute of Limitations of ORS 12.110, because this action is governed by the six-year limitation in ORS 12.080. Plaintiffs commenced this action approximately five years and two months after it had accrued, and defendant does not dispute that it would be timely if the case is controlled by ORS 12.080.

The parties entered into a written contract in which defendant agreed to build an office building for plaintiffs. Plaintiffs occupied the completed building in October, 1978, and immediately noticed that the roof leaked. Plaintiffs alleged that they notified defendant of the problem and that defendant failed to correct it. Plaintiffs commenced this action in December, 1983. Pursuant to the terms of the written contract, defendant agreed

> "* * * to furnish his best skill and judgment and to cooperate with the Architect in furthering the interests of the Owner. He agrees to furnish efficient business administration and superintendence and to use his best efforts to furnish at all times an adequate supply of workmen and materials, and to perform the Work in the best way and in the most expeditious and economical manner consistent with the interests of the Owner."

Plaintiffs alleged in their second amended complaint that defendant breached the contract

> "* * * by not performing its work in a workmanlike fashion, and by not using its best skill and judgment, and has not used its best efforts and skills to apply a roof to Plaintiffs' building which does not leak."

ORS 12.110(1) provides, in pertinent part:

> "An action for assault, battery, false imprisonment, or for *any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter,* shall be commenced within two years * * *." (Emphasis supplied.)

In order for ORS 12.110(1) to apply, the action must not arise on a contract and must not be an action specifically covered by another limitation. Plaintiffs argue both that their action does

arise on a contract and that it is especially provided for by either or both of these subsections of ORS 12.080:

"(1)   An action upon a contract or liability, express or implied, excepting those mentioned in ORS 12.070 and 12.110 and except as otherwise provided in ORS 72.7250; [or]

"* * * * *

"(3)   An action for waste or trespass upon or for interference with or injury to any interest of another in real property, excepting those mentioned in ORS 12.050, 12.060 and 273.241 * * * shall be commenced within six years."[1]

Defendant contends that plaintiffs' action is not on a contract under the rule of *Securities-Intermountain v. Sunset Fuel,* 289 Or 243, 611 P2d 1158 (1980).

"* * * If the alleged contract merely incorporates by reference or by implication a general standard of skill and care to which the defendant would be bound independent of the contract, and the alleged breach would also be a breach of this noncontractual duty, then ORS 12.110 applies. * * *" 289 Or at 259.

Under *Securities-Intermountain,* the two year statute would apply here because plaintiff alleged only a failure to perform in a workmanlike manner. That duty exists in the absence of any express agreement so to perform.

*Securities-Intermountain* was followed by *Beveridge v. King,* 292 Or 771, 643 P2d 332 (1982). *Beveridge* was an action by a purchaser of land and a new house against the builder to recover for the defendant's alleged breach of the contract. The plaintiff alleged that the defendant had breached an implied term of the written contract that the defendant would construct the house in a workmanlike manner. The plaintiff argued that a six year limitation applied to the action under ORS 12.080(1) and ORS 12.080(3). The Supreme Court discussed both provisions and agreed with the plaintiff, concluding that

"* * * ORS 12.110(1) is not applicable either because the action does arise on contract or because the injuries here were to the interests of 'another' in real property and the action to

---

[1] Defendant does not assert that any of the exceptions in ORS 12.080(1) or ORS 12.080(3) applies.

recover damages for those injuries is especially enumerated in ORS 12.080(3). * * *" 292 Or at 778-79. (Footnote omitted.)

It is not clear whether *Beveridge* held that *both* ORS 12.080(1) and ORS 12.080(3) applied to the action or that *either* one, but not both, applied. The opinion implied that ORS 12.080(1) applied, even though it appears that the plaintiff had alleged only a breach of a general standard of skill and care to which the defendant would be bound independently of the contract, that is, the implied obligation to perform in a workmanlike manner:

> "Except for the circumstance that the obligation to construct in a workmanlike manner was express rather than implied, the cause in *Schmauch* [*v. Johnston,* 274 Or 441, 547 P2d 119 (1976)] was the same as that pleaded in the case at bar. If the cause predicated upon the express obligation was an action to recover damages for breach of contract, it would seem to follow that the cause on the implied obligation is also for damages for breach of contract." 292 Or at 776.

That holding in *Beveridge* appears to contradict *Securities-Intermountain,* where the court stated that an action in which the plaintiff alleged the breach of an express contractual obligation

> "* * * differs from a case in which a warranty of 'workmanlike' performance or due care toward achieving the intended result is pleaded as an implied term of a general agreement to undertake professional services. *Compare Bales for Food, Inc. v. Poole* [246 Or 253, 424 P2d 892 (1967)]." 289 Or at 263.

Although the Supreme Court stated that it had allowed review in *Beveridge* "to consider whether some clarification or refinement of its decision in *Securities-Intermountain* should be undertaken," 292 Or at 775, *Beveridge* only confuses the issue.

■ In *Taylor v. Settecase,* 69 Or App 222, 228, 685 P2d 470, *rev den* 298 Or 68 (1984), we held that "the court's rationale in *Beveridge* was alternatively grounded in ORS 12.080(1) and 12.080(3) * * *." That was an action by the owner of an office building against the architect to recover damages for the installation of a malfunctioning or unsuitable heating and cooling system. Applying *Beveridge,* this court held that the action was to recover for an injury to "any interest of another in real property," to which the six-year

limitation of ORS 12.080(3) applies. We are persuaded by *Beveridge* and *Taylor* that plaintiff's action to recover damages for the leaky roof is also covered by ORS 12.080(3).

Defendant asserts three reasons why ORS 12.080(3) should not apply to this action. First, it argues that ORS 12.080(3) applies only to actions where the injury to real property is caused by a "substantial invading force," citing *Reter v. Talent Irrigation District*, 258 Or 140, 482 P2d 170 (1971). That contention is clearly incorrect in the light of *Beveridge* and *Taylor*. Second, it argues that ORS 12.080(3) does not apply, because it "did not injure any interest that plaintiffs had in the property prior to construction of the building at issue." The court in *Beveridge* apparently held that the plaintiff's interest in receiving a nondefective house was sufficient to invoke ORS 12.080(3). We do not understand how plaintiffs' interest in receiving a building without a leaky roof is distinguishable. Finally, defendant argues that *Beveridge* should be limited to cases involving the construction of residential homes. We did not recognize that distinction in *Taylor,* nor do we see a basis for the distinction in the broad language of ORS 12.080(3): "any interest of another in real property." We hold that this action was timely commenced under ORS 12.080(3).[2]

Reversed and remanded.

---

[2] Because we reach this conclusion, we do not need to choose between the apparently contradictory holdings of *Securities-Intermountain* and *Beveridge* with respect to the question of whether this is an action arising on a contract within ORS 12.080(1).