Argued and submitted January 17, reversed and remanded in part; otherwise affirmed September 11, 1996

Larry M. FESSLER
and Susan D. Fessler,
*Appellants,*

*v.*

David O. QUINN,
*Respondent,*

*and*

John C. JENSEN,
Bayshore Realty, Inc.,
and Cory Comstock,
*Defendants.*

(93 4336; CA A88417)

923 P2d 1294

George W. Kelly argued the cause and filed the brief for appellants.

Timothy J. Heinson argued the cause for respondent. With him on the brief was Lachenmeier, Enloe & Rall.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Plaintiffs brought this action seeking damages allegedly arising after their 1993 purchase of a residence in Lincoln County. They alleged a claim of negligence and a claim for breach of contract against defendant Quinn (defendant), who had inspected the house before the purchase.[1] On the day of trial, defendant moved to dismiss plaintiffs' negligence claim pursuant to ORCP 21 A(8), arguing that the negligence claim really alleged a breach of contract. The trial court granted defendant's motion. Plaintiffs then voluntarily dismissed their breach of contract claim, and a final judgment was entered dismissing that claim, as well as the negligence claim, with prejudice. Plaintiffs appeal, assigning error to the dismissal of their negligence claim. We reverse and remand.

We turn first to defendant's argument that the trial court should be affirmed because the reason for plaintiffs' voluntary dismissal of their contract claim that resulted in the judgment against them was unrelated to the dismissal of the negligence claim. He contends that it is clear from the record that plaintiffs decided not to proceed to trial because they failed to secure a witness rather than because they believed that their breach of contract claim was weak.

■■ However, the reason that plaintiffs decided not to proceed to trial on their contract claim does not determine whether they may appeal the dismissal of the negligence claim. The general rule is that a party may not appeal from a judgment that the party voluntarily requested unless some previous ruling by the trial court effectively precluded recovery and the plaintiff cannot plead the facts more favorably. *Sheets v. Knight*, 308 Or 220, 225, 779 P2d 1000 (1989). It is questionable whether that general rule *can* have any application in cases like this, which, unlike *Sheets*, involve a final judgment as to all claims. In any event, the rule is designed to prohibit piecemeal appeals and to preclude plaintiffs from seeking appellate review of one portion of their claim while

---

[1] Defendants John Jensen, Bayshore Realty and Cory Comstock were awarded summary judgment on plaintiffs' claim against them. They are not parties to this appeal.

holding other theories in abeyance. *Taylor v. Baker*, 279 Or 139, 143, 566 P2d 884 (1977). There is no danger of that here. Plaintiffs pled alternate theories based on the same operative facts and chose irrevocably to forgo litigation on their alternative theory. The judgment on their contract claim is final and would prevent relitigation. *See Sheets*, 308 Or at 225-26.

■ We turn to plaintiffs' assignment of error that the trial court erred in dismissing the negligence claim. On review of a motion under ORCP 21, we review for errors of law, assuming the truth of the facts alleged and giving to the nonmoving party the benefit of all inferences that can reasonably be drawn from those facts. *Hornbuckle v. Harris*, 69 Or App 272, 686 P2d 418 (1984).

■ Plaintiffs argue that a reading of the negligence claim shows that the claim was not based on contract terms but, rather, on the breach of a standard of care independent of the terms of the contract. *See Georgetown Realty v. The Home Ins. Co.*, 313 Or 97, 106, 831 P2d 7 (1992) ("When the relationship involved is between contracting parties, and the gravamen of the complaint is that one party caused damage to the other by negligently performing its obligations under the contract, then, and even though the relationship between the parties arises out of the contract, the injured party may bring a claim for negligence if the other party is subject to a standard of care independent of the terms of the contract."). Defendant argues that plaintiffs alleged identical factual settings and identical damages and that those damages, the costs of repair and lost rents, are contract damages. Therefore, defendant contends, plaintiffs' negligence claim is really one for breach of contract.

■ Defendant is incorrect that alternative claims of tort and contract cannot be pleaded based on the same facts. An identical factual setting may give rise to both a contract theory and a tort theory. ORCP 16 C; *Georgetown,* 313 Or at 106. If the court dismissed the negligence claim on the ground that the claim was based on the same conduct alleged by plaintiffs to have constituted the breach of contract, that was error. However, it is not entirely clear that that was the basis of the court's determination. Defendant made his motion on the day of trial, and the argument to the court is

not included in the transcript submitted on appeal. On the record, the trial court stated that defendant's motion asked "to dismiss the negligence claim citing, in substance, that this was a contract case. And I agree with that proposition[.]" However, defendant's written motion argued not only that the conduct on which the negligence claim was based was "identical" to the breach of contract claim and that the negligence allegations were based "solely on alleged breaches of contract," but also argued that the negligence claim was "improper" because "there are no duties implied by the relationship between the parties that would support a claim for negligence." We turn to that argument.

■ An action for damages against one engaged to provide professional services implicates a general standard of care for professional conduct. *Allen v. Lawrence,* 137 Or App 181, 184, 903 P2d 919 (1995), *rev den* 322 Or 644 (1996); *see also Securities-Intermountain v. Sunset Fuel,* 289 Or 243, 259, 611 P2d 1158 (1980) (statute of limitations relating to negligence claims applies when contract merely incorporates by reference or implication general standard of skill to which the defendant would be bound independent of the contract, and alleged breach would be breach of that noncontractual duty). Here, plaintiffs alleged that they had entered into an earnest money agreement to purchase a residence and lot in Lincoln County and that defendant "provided home inspection services" under an assumed business name. Plaintiffs alleged that the parties "entered into an agreement wherein [defendant] was to provide a structural inspection" of the residence and that defendant completed the inspection and gave plaintiffs a "Structural Analysis Report." Plaintiffs then alleged:

"In conducting the said inspection and preparing the said report [defendant] was negligent in one or more of the following particulars:

"A. In failing to conduct the inspection in a workman-like manner.

"B. In failing to enter the crawl space and view the plates, floor decking, foundation posts, and beams.

"C. In stating that blow sand * * * did not need to be removed for inspection of siding and framing.

"D.   In stating that the roof material was in satisfactory condition.

"E.   In stating that the wiring to the electrical panel was in satisfactory condition."[2]

Plaintiffs further alleged that, based on defendant's report, they completed their purchase, resulting in damages in a total amount of $38,000 for the repair of dry rot, the roof, electrical services, and also for loss of rent.

Defendant argues that plaintiffs' allegations do not allege that defendant was subject to a standard of care "outside of the contract." He argues that the only standard of care alleged was "failing to conduct the inspection in a workmanlike manner," and that that standard does not create a cause of action for negligence. Defendant relies on *Beveridge v. King*, 292 Or 771, 643 P2d 332 (1982). However, *Beveridge* does not assist defendant. In *Beveridge*, the issue was whether the plaintiffs' claim was barred by the two-year statute of limitations in ORS 12.110. The plaintiffs had sued the defendant, a builder of residential homes with whom they had a contract for the purchase of land and a new house. They alleged "that an implied term of the written contract was that the defendant would 'construct the house in a workmanlike manner' " and that the defendant had " 'failed substantially to perform under said contract in that he failed to construct such residence in a good and workmanlike manner.' " *Id.* at 773. The defendant sought to dismiss the plaintiffs' claim for breach of contract as untimely, arguing that the claim was actually one for negligence. The court rejected the defendant's position, holding that the plaintiffs' cause of action was one for breach of contract premised on the implied contractual obligation. *Id.* at 776.

Here, plaintiffs have pled alternative theories. The issue is not, as it was in *Beveridge*, the legal characterization of plaintiffs' claim, but, rather, whether they have pled facts alleging negligence. Unlike the plaintiffs in *Beveridge*, plaintiffs did not allege that the "workmanlike" standard was an

_____

[2] In plaintiffs' breach of contract claim they alleged that defendant "breached the inspection agreement by failing to identify fungi or dry rot damage, an improperly stapled roof, and defective electrical service."

implied part of the contract. Although somewhat inartfully pled, plaintiffs alleged that defendant had knowledge and expertise about home inspections, that defendant agreed to provide an inspection and that they relied on that expertise. They alleged that they suffered harm because defendant failed to perform the inspection in a "workmanlike manner." That the inspection would be performed in a "workmanlike manner" was not an obligation required by the terms of the agreement between the parties but a standard independent of the contract. *See Newlee v. Heyting*, 167 Or 288, 292, 117 P2d 829 (1941) (duty of builder is to perform work in workmanlike manner, which means that the work shall be done in an ordinarily skillful manner). The trial court erred in dismissing the claim.[3]

Dismissal of negligence claim reversed and remanded; otherwise affirmed.

---

[3] Defendant contends that the dismissal was "harmless" error as plaintiffs did not proceed to trial because they were unprepared. Defendant's "authority" for that proposition, *Scanlon v. Hartman*, 282 Or 505, 579 P2d 851 (1978), discusses evidentiary error. It does not stand for the proposition that an erroneous dismissal of a claim can be "harmless." We deny, without discussion, defendant's request for sanctions.