Argued and submitted August 13, reversed and remanded as to plaintiffs' claim against KPI; otherwise affirmed December 10, 2014, petition for review allowed March 26, 2015 (357 Or 111)

J. Michael GOODWIN
and Sheila Goodwin, husband and wife,
*Plaintiffs-Appellants,*

*v.*

KINGSMEN PLASTERING, INC.,
a Washington corporation;
*Defendant-Respondent,*

*and*

KINGSMEN CONTRACTING, INC.,
a Washington corporation;
and T & M Pipeline, Inc., an Oregon corporation,
dba T & M Pipeline Construction, Inc.,
*Defendants.*

KINGSMEN PLASTERING, INC.,
a Washington corporation,
*Third Party Plaintiff,*

*v.*

UNITED COATINGS MANUFACTURING COMPANY,
a Washington corporation,
*Third Party Defendant.*

Benton County Circuit Court
1110128; A151821

340 P3d 169

Christopher C. Grady argued the cause for appellants. With him on the briefs were Dean E. Aldrich and Aldrich Eike, P.C.

Jonathan W. Henderson argued the cause for respondent. With him on the brief were Davis Rothwell Earle & Xochihua, P.C., Katie L. Smith, and Henrie & Smith, LLP.

Before Garrett, Presiding Judge, and Ortega, Judge, and DeVore, Judge.*

DEVORE, J.

---

* Ortega, J., *vice* Haselton, C. J.

**DEVORE, J.**

Plaintiffs brought this action against defendants for damages arising out of alleged defects in the construction of their home. The trial court granted defendants' motion for summary judgment on the basis that, in the absence of a discovery rule, plaintiffs' claims were barred by the six-year statute of limitations in ORS 12.080(3), which governs actions for "interference with or injury to any interest of another in real property[.]" Plaintiffs appeal the resulting judgment and argue that ORS 12.080(3) includes a discovery rule. Defendants disagree and, in the alternative, contend that plaintiffs' claims are barred by the two-year statute of limitations in ORS 12.110(1). In two recent cases, discussed below, we have concluded that ORS 12.080(3) governs and contains a discovery rule. Accordingly, we reverse and remand.

In reviewing the trial court's grant of defendants' motion for summary judgment, we state the facts in the light most favorable to plaintiffs, the nonmoving party. *Loosli v. City of Salem*, 345 Or 303, 306 n 1, 193 P3d 623 (2008). Plaintiffs, Michael and Sheila Goodwin, purchased their home in December 2004. Defendant Kingsmen Plastering, Inc. (KPI), was the subcontractor responsible for installing the synthetic stucco siding—or exterior insulated finish system (EIFS)—during the construction of the home in 2001. Plaintiffs alleged that in May 2010, they discovered numerous construction defects in the EIFS, which resulted in water intrusion and hidden property damage to the home. On March 10, 2011, plaintiffs filed suit against KPI, Kingsmen Contracting, Inc. (KCI), and T&M Pipeline, Inc., asserting claims of negligence and negligence *per se* in the construction of the home.

KPI filed a motion for summary judgment, in which KCI joined, arguing that plaintiffs' claims were time-barred by the two-year statute of limitations for negligence claims in ORS 12.110. Defendants contended that plaintiffs were aware of potential claims more than two years before filing suit against defendants. Defendants' reliance on ORS 12.110 was largely predicated on *dicta* in a footnote in *Abraham v. T. Henry Construction, Inc.*, 350 Or 29, 249 P3d 534 (2011).

The Supreme Court described the facts in that case and the plaintiffs' discovery of water damage in their home more than six years after it was constructed. The court commented:

"The statute of limitations for contract actions is six years. ORS 12.080(1). *Tort claims arising out of the construction of a house must be brought within two years of the date that the cause of action accrues*, but, in any event, within 10 years of the house being substantially complete. *ORS 12.110*; ORS 12.135. Tort claims ordinarily accrue when the plaintiff discovers or should have discovered the injury. *Berry v. Branner*, 245 Or 307, 311-12, 421 P2d 996 (1966)."

350 Or at 34 n 3 (emphasis added). Based on that footnote, defendants here urged the trial court to apply ORS 12.110.

In the alternative, defendants contended that, if the six-year statute of limitations in ORS 12.080(3) applied to plaintiffs' claims, then the claims were still time-barred because that subsection does not incorporate a "discovery rule." Without a discovery rule, defendants reasoned, the time limitation for commencement of a suit began running when the injury occurred, which could be no later than the date plaintiffs purchased their home in December 2004. In defendants' view, the March 2011 complaint was not timely, either way.

Plaintiffs responded that ORS 12.080(3) provides a six-year statute of limitation for their claims and includes a discovery rule. With a discovery rule, the period of limitations would be deemed to commence upon either the date that plaintiff actually discovered the injury or the date that a person exercising reasonable care should have discovered the injury. *Greene v. Legacy Emanuel Hospital*, 335 Or 115, 123, 60 P3d 535 (2002). In plaintiffs' view, summary judgment was not appropriate because genuine issues of material fact existed regarding when plaintiffs did discover or reasonably should have discovered the injury.

The trial court concluded that ORS 12.080(3) applied, but that it does not incorporate a discovery rule. Thus, an action governed by ORS 12.080(3) must be brought within six years of the date that the injury actually occurs. Because plaintiffs filed their claim on March 10, 2011, and

the construction was completed no later than 2001, the trial court determined that plaintiffs' claims were not timely. The court entered a limited judgment dismissing plaintiffs' claims against KPI and T&M Pipeline, Inc.[1]

On appeal, plaintiffs and defendant KPI—the only defendant that is a party to this appeal—reassert their arguments and present the same two questions. We addressed both questions in recent opinions. In *Riverview Condo. Assn. v. Cypress Ventures (A150586)*, 266 Or App 574, 593, 339 P3d 447 (2014) (*Riverview*), we were required to determine which statute of limitations applied to the plaintiff's "construction-defect claims—*i.e.*, claims based on [the] defendants' negligence during construction." As in this case, the defendants in *Riverview* asserted that ORS 12.110(1) governed, pointing to the same footnote in *Abraham*. *Id.* at 599. We disagreed and, based on another line of cases,[2] determined that construction-defect claims alleging injury to an interest in real property are governed by the six-year statute of limitations in ORS 12.080(3). *Id.* at 600. We rejected the argument that the Supreme Court's statement in *Abraham* was binding precedent. We found that the statement was *dictum* without any precedential value. *Id.* at 599-600. Given our decision there and plaintiffs' claims here allege an injury to an interest in real property, the trial court was correct in the first part of its conclution that the applicable statute of limitations was ORS 12.080(3).

In *Tavtigian-Coburn v. All Star Custom Homes, LLC*, 266 Or App 220, 337 P3d 925 (2014), we addressed the second part of the conclusion to be reached here. Relying on the Supreme Court's decision in *Rice v. Rabb*, 354 Or 721, 320 P3d 554 (2014), we held that ORS 12.080(3) does contain a discovery rule. *Tavtigian-Coburn*, 266 Or App at 222. Like claims under ORS 12.080(4) for injury to personal property in *Rice*, claims under ORS 12.080(3) for injury to

---

[1] Plaintiffs' claims against KCI for inspection and repair work performed after March 10, 2005, were not time-barred. Plaintiff did not appeal the dismissal of plaintiffs' claims against T&M Pipeline, Inc.

[2] *See Sutter v. Bingham Construction*, 81 Or App 16, 724 P2d 829 (1986); *Taylor v. Settecase*, 69 Or App 222, 685 P2d 470, *rev dismissed*, 298 Or 68 (1984); *Beveridge v. King*, 292 Or 771, 643 P2d 332 (1982).

an interest in real property accrue under ORS 12.010 upon discovery.

In light of those decisions, we conclude that ORS 12.080(3) governs and is triggered by discovery of a claim. In this case, genuine issues of material fact remain regarding the date that the period of limitations commenced. Questions remain to be answered about the earlier of either (1) the date of plaintiffs' actual discovery of the alleged injury or (2) the date when a person exercising reasonable care should have discovered the injury, including learning of facts that an inquiry would have disclosed. *Greene*, 335 Or at 123. Therefore, the trial court erred in granting defendants' motion for summary judgment.

Reversed and remanded as to plaintiffs' claim against KPI; otherwise affirmed.