Argued and submitted July 21, 2014, affirmed August 19, 2015

Michael GATTUCCIO,
as Personal Representative of
the Estate of Mary T. Gattuccio Pence,
*Plaintiff-Appellant,*

*v.*

Colleen A. AVERILL,
an individual; and
New York Life Insurance Co.,
a foreign corporation,
*Defendants,*

*and*

THE O.N. EQUITY SALES COMPANY,
a foreign corporation,
*Defendant-Respondent.*

Multnomah County Circuit Court
101116582; A149789

362 P3d 691

Andrew T. Reilly argued the cause for appellant. With him on the briefs was Black Helterline LLP.

Marion H. Little, Jr., Ohio, argued the cause for respondent. On the brief were P. Andrew McStay, Jr., and Davis Wright Tremaine LLP.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

EGAN, J.

## EGAN, J.

Plaintiff appeals the trial court's limited judgment dismissing his claim of elder abuse against defendant, The O. N. Equity Sales Company (ONESCO), under ORCP 21 A(8) for failure to state a claim. The trial court determined that ONESCO was exempt from liability by operation of ORS 124.115(1),[1] which exempts broker-dealers licensed under ORS 59.005 to 59.541 from liability for civil actions for elder abuse, and was not excepted from the exemption under ORS 124.115(2), which removes the exemption if "the person is convicted of a crime by reason of the conduct." The court concluded that ONESCO, as an entity, is a "person" under the statute but reasoned that, although one of ONESCO's employees had been convicted of elder abuse, ONESCO itself had not. Without such a conviction, the court concluded that ORS 124.115(2) did not remove ONESCO from the exemption. On appeal, plaintiff argues that "person" as used in ORS 124.115(2) refers to the people through which an entity acts, not the entity itself.[2] Defendant responds that "person" in that section plainly refers to organizational entities. We agree with defendant and, accordingly, affirm.

We review a trial court's dismissal of a claim under ORCP 21 for legal error, assuming the truth of the facts alleged and giving to the nonmoving party the benefit of all inferences that can reasonably be drawn from those facts. *Fessler v. Quinn*, 143 Or App 397, 400, 923 P2d 1294 (1996).

The facts are undisputed. Plaintiff brought this action as the personal representative of the estate of Mary Gattuccio. In plaintiff's amended complaint, he alleged that Coleen Averill, who worked for ONESCO selling investment and insurance products, became Gattuccio's financial and investment advisor and, in that role, wrongfully obtained upwards of $563,851 from Gattuccio. As a result of her conduct, Averill was eventually convicted of 16 criminal

---

[1] ORS 124.115 is provided below at 273 Or App at 129-30.

[2] Plaintiff argues that defendant is both directly and vicariously liable. Our discussion of plaintiff's argument related to defendant's direct liability obviates the need to discuss his vicarious liability argument because we conclude that broker-dealers licensed under ORS 59.005 to 59.541 are exempt from any action under the elder abuse act regardless of the theory of liability.

offenses. ONESCO was never charged with or convicted of a crime in relation to Averill's conduct.

On appeal, plaintiff argues that the trial court erred in dismissing his claim because Averill was convicted of crimes resulting from her financial abuse of Gattuccio, and, as an agent of ONESCO, Averill is a "person" whose conviction causes ONESCO to lose an exemption from liability under ORS 124.115(1). Defendant argues that the trial court did not err because "person" means only the organizational entities described in ORS 124.115(1).

Thus, the parties' dispute on appeal centers on the meaning of the word "person" as used in ORS 124.115(2). In support of his position that "person" as used in that section means the people through which an organizational entity acts, plaintiff argues that reading "person" to mean only organizational entities produces an untenable result because organizational entities are incapable of committing some of the crimes that would be a predicate to liability. The only way to resolve that problem, he contends, is to conclude that "person" in that section means actual human beings. Moreover, he argues that the legislative history supports that conclusion.

In response, defendant cites ORS 174.100 for the proposition that the term "person" includes organizational entities, and ORS 161.170(1) for the proposition that such entities, under certain circumstances, can be convicted of crimes, including those that defendant argues organizational entities are incapable of committing. Ultimately, we agree with defendant that the legislature granted broker-dealers licensed under ORS 59.005 to 59.541 an exemption from actions for elder abuse and that, under the legislature's scheme, the conviction of such a broker-dealer's employee for financial abuse of an elderly person would not remove that broker-dealer from that exemption.

ORS 124.115 provides:

"(1) Except as provided by subsection (2) of this section, an action under ORS 124.100 may not be brought against:

"(a) Financial institutions, as defined by ORS 706.008;

"(b)   A health care facility, as defined in ORS 442.015;

"(c)   Any facility licensed or registered under ORS chapter 443; or

"(d)   Broker-dealers licensed under ORS 59.005 to 59.541.

"(2)   An action may be brought under ORS 124.100 against a person listed in subsection (1) of this section if:

"(a)   The person is convicted of one of the crimes specified in ORS 124.105 (1); or

"(b)   The person engages in conduct constituting financial abuse as described in ORS 124.110, and the person is convicted of a crime by reason of the conduct."

ORS 174.100 provides, in relevant part:

"As used in the statute laws of this state, unless the context or a specially applicable definition requires otherwise:

"* * * * *

"(5)   'Person' includes individuals, corporations, associations, firms, partnerships, limited liability companies and joint stock companies."

ORS 161.015 provides, in relevant part:

"As used in [the criminal code, *et alia*,] unless the context requires otherwise:

"* * * * *

"'Person' means a human being and, where appropriate, a public or private corporation, an unincorporated association, a partnership, a government or a governmental instrumentality."

ORS 161.170(1) provides:

"A corporation is guilty of an offense if:

"(a)   The conduct constituting the offense is engaged in by an agent of the corporation while acting within the scope of employment and in behalf of the corporation and the offense is a misdemeanor or a violation, or the offense is one defined by a statute that clearly indicates a legislative intent to impose criminal liability on a corporation; or

"(b)   The conduct constituting the offense consists of an omission to discharge a specific duty of affirmative performance imposed on corporations by law; or

"(c)   The conduct constituting the offense is engaged in, authorized, solicited, requested, commanded or knowingly tolerated by the board of directors or by a high managerial agent acting within the scope of employment and in behalf of the corporation."

When interpreting a statute, we apply the methodology set out in *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009). Under that methodology, we examine "the text of the statute in its context, along with relevant legislative history, and, if necessary, canons of construction." *State v. Cloutier*, 351 Or 68, 75, 261 P3d 1234 (2011). Although we may review the legislative history in the absence of a statutory ambiguity, when the "text of a statute is truly capable of having only one meaning, no weight can be given to legislative history that suggests—or even confirms—that legislators intended something different." *Gaines*, 346 Or at 173 (footnote omitted).

As mentioned, defendant argues that the plain meaning of ORS 124.115 is dispositive. Defendant begins by noting that ORS 124.115(2) states that "[a]n action may be brought under ORS 124.100 against a person listed in subsection (1)." Turning to ORS 124.115(1), defendant observes that broker-dealers are listed along with other organizational entities and that the applicable definition of "person" includes organizational entities. Thus, defendant concludes that, under the plain meaning of the statute, "a broker-dealer, as the 'person' listed in [ORS 124.115(1)] cannot be held liable for elder abuse * * * unless *it* is convicted of one of the enumerated crimes." (Emphasis in defendant's brief.)

Plaintiff's attack on defendant's plain meaning argument is two pronged. We reject both prongs before turning to plaintiff's argument regarding the legislative history. First, plaintiff argues that a plain reading of the statute is inadequate because it produces a result that the legislature could not have intended—namely, that organizational entities would be exempt from liability unless they

were convicted of crimes of which they are incapable of being convicted. Relatedly, plaintiff argues that both ORS 174.100, which defines "person" for general purposes, and ORS 161.015, which defines "person" for the purposes of the criminal code, only require that "person" means organizational entities where the context does not require otherwise. He argues that here the context requires otherwise because the plain reading leads to the result described above.

We reject plaintiff's arguments because plaintiff's premise is incorrect—under some circumstances organizational entities may be convicted of the relevant crimes. Plaintiff targets the crimes referenced by ORS 124.115(2)(a), which includes crimes such as rape, sodomy, and unlawful sexual penetration, arguing that, although the people who make up an organizational entity may commit such crimes, entities themselves cannot. That is incorrect. Under ORS 161.170(1), at a minimum, all that is required for a corporation, such as ONESCO, to be guilty of an offense listed in the criminal code is that the board of directors or a high managerial agent acting within the scope of employment knowingly tolerate the conduct constituting the offense.

We turn to plaintiff's argument regarding the legislative history of ORS 124.115. Plaintiff cites testimony of attorney Lisa Bertalan, the primary proponent of Senate Bill 943 (SB 943) part of which would become ORS 124.115 once enacted. Or Laws 1995, ch 671, § 3a. After consulting with representatives from the Oregon Health Care Association, Bertalan suggested amendments to the bill at a Senate Judiciary Committee work session. Among her suggestions was the addition of a section that stated:

> "This Act shall not apply to owners, employees, and agents of licensed nursing facilities as defined under ORS 442.015 or residential care facilities and licensed assisted living facilities as defined under ORS Chapter 443 unless said persons are convicted criminally for any of the actions set forth in [sections describing physical and financial abuse]."

Testimony, Senate Judiciary Committee, SB 943, Apr 12, 1995, Ex F (statement of Lisa Bertalan).

From the use of the words "owners, employees, and agents" in that suggested amendment, plaintiff draws the conclusion that "the exception always and at every step in the process hinged on the conviction of an actual human being." Plaintiff's conclusion does not follow for a number of reasons, but the primary shortcoming in plaintiff's argument is that the passage upon which it depends—"owners, employees, and agents"—does not appear in the enacted statute and was not included in amendments to SB 943 proposed days after the work session in which Bertalan presented her suggested amendments. *See* Proposed Amendments to SB 943, Senate Judiciary Committee, Apr 18, 1995 (containing language materially indistinguishable from the enacted statute). As enacted, ORS 124.115(1) plainly includes licensed broker-dealers within a list of exempted organizational entities. Consequently, we reject plaintiff's argument that legislative history supports his interpretation.

In sum, we conclude that the scheme enacted by the legislature exempts broker-dealers licensed under ORS 59.005 to 59.541 from liability for elder abuse actions by operation of ORS 124.115(1). We cannot conclude that conviction of ONESCO's employee, Averill, for crimes related to financial abuse of an elderly person removes that exemption, because the legislature required that a corporation itself be criminally convicted for the exception contained in ORS 124.115(2) to apply.

Affirmed.